142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
WALLACE WARD, Defendant-Appellant.
 No. 96-10522.
D.C. No. CR-90-00057-LDG/LRL.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the District of Nevada, Lloyd D. George, District Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Wallace Ward appeals pro se the district court's denial of his motion for a new trial based upon newly discovered evidence and the government's failure to produce evidence pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Upon retrial, Ward was convicted by a jury of three counts of attempting to evade or defeat income tax, 26 U.S.C. § 7201, and three counts of failing to file income taxes, 26 U.S.C. § 7203. Ward contends that the district court erred by denying his motion for a new trial because the government failed to timely disclose evidence relevant to his defense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 We review for abuse of discretion the denial of a motion for a new trial premised upon newly discovered evidence, see United States v. Sarno, 73 F.3d 1470, 1507 (9th Cir.1995), and de novo a denial based on an alleged Brady violation, see United States v. Steinberg, 99 F.3d 1486, 1489 (9th Cir.1996).
 
 
 6
 On appeal to this court, upon review of the record we concluded that Ward had been timely provided access to all seized materials and that he had waited until shortly before trial to inspect the materials. See United States v. Ward, No. 93-10703, (9th Cir. Sept. 26, 1994). We are precluded from reconsidering these issues under the "law of the case" doctrine. See United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997). Ward's contention that we should depart from the law of the case because our conclusions are clearly erroneous and would result in manifest injustice is not supported by the record. See id. at 876-77.
 
 
 7
 Ward's "newly discovered" evidence arises from the materials seized by the government which were subsequently returned to him. In order to obtain a new trial based on newly discovered evidence Ward must show, inter alia, that the failure to discover the evidence was not due to lack of diligence. See Sarno, 73 F.3d at 1507. As it is the law of this case that Ward's failure to inspect the materials was due to his own delay, see Ward, No. 93-10703, Ward's motion for a new trial must fail, see Sarno, 73 F.3d at 1507.
 
 
 8
 Likewise, Ward's contention that the government improperly withheld these materials in violation of Brady is precluded by our conclusion on appeal that the government timely provided Ward with access to the materials. See Ward, No. 93-10703; United States v. Dupuy, 760 F.2d 1492, 1502 n. 5 (9th Cir.1985) ("[S]uppression by the Government is a necessary element of a Brady claim.").
 
 
 9
 Finally, Ward's contention that the district court abused its discretion by not holding an evidentiary hearing to determine the validity of his claims lacks merit. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1188-89 (9th Cir.1992). Accordingly, the district court did not err by denying Ward's motion for a new trial. See Steinberg, 99 F.3d at 1489; Sarno, 73 F.3d at 1507.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3