**THANH PHUOC LUONG, Petitioner—Appellant,**

v.

**Michael CHERTOFF, Secretary of the Department of Homeland Security, et al., Respondents—Appellees.**

No. 04–56859.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2008.

Filed March 10, 2008.

Teodora D. Harizanova, San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

---

\* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

Before: FARRIS and M. SMITH, Circuit Judges, and SANDOVAL \*, District Judge.

MEMORANDUM \*\*

Petitioner Thanh Phuoc Luong appealed from the district court's denial of a writ of habeas corpus. We construe his appeal as a petition for review of an order of the Board of Immigration Appeals (BIA) pursuant to the REAL ID Act. *Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir.2005). Luong raises due process claims and contests the denial of relief under the Convention Against Torture (CAT) and the denial of his motion to reopen and remand for adjustment of status.

We have jurisdiction to review constitutional claims, issues of law, and denials of CAT relief. 8 U.S.C. § 1252. We also have jurisdiction to review a denial of a motion to reopen if the motion was based on a new basis for relief not previously decided by the BIA. *Fernandez v. Gonzales,* 439 F.3d 592, 598 (9th Cir.2006). Where the BIA affirms the Immigration Judge (IJ) without opinion, we review the IJ's decision. *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999).

1. Contrary to Luong's assertion, no due process violation occurred when the IJ followed the direction of the BIA on remand and denied cancellation of removal. Under the law of the case doctrine, the failure to depart from an appellate body's ruling on remand is not an abuse of discretion. *See United States v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997).

2. The IJ, however, did err in his determination that Luong's crime was particularly serious because he improperly incor-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

porated the BIA's conclusions from its analysis of its denial of cancellation of removal. When considering whether a crime is particularly serious, only the record of conviction and sentencing information may be considered. *Morales v. Gonzales,* 478 F.3d 972, 982 (9th Cir.2007). The BIA based its characterization of Luong's criminal history as violent and disobedient on an incident of battery to which he never pleaded guilty. Thus, on remand, when the IJ incorporated these findings from the cancellation of removal analysis to evaluate whether Luong's crime was particularly serious, the IJ implicitly and improperly relied on facts underlying charges for which Luong was never convicted. *See id.* at 982–83.

3. The IJ did not err in denying Luong CAT relief. The testimony and documentary evidence in the record do not compel a finding that it was more likely than not that Luong would be tortured upon return to Vietnam. *See* 8 C.F.R. § 208.16(c). As noted by the IJ, Luong was neither a leader in an anti-communist group nor has he demonstrated that he would become an activist against the government if returned to Vietnam.

4. Finally, the BIA did not err in denying Luong's motion to reopen and remand for adjustment of status. This court reviews the denial of a motion to reopen for abuse of discretion. *Ghahremani v. Gonzales,* 498 F.3d 993, 997 (9th Cir.2007). The BIA did not err in concluding that Luong required a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) before he could apply for an adjustment of status. *See* 8 U.S.C. § 1182(a)(2); 8 C.F.R. § 212.7(d). The BIA did not act contrary to law when it determined that Luong failed to establish prima facie eligibility for

this waiver because he did not provide any evidence that his removal would result in extreme hardship to his wife and child. Furthermore, to the extent that this denial was based on the determination that the Attorney General would not exercise his discretion to issue this waiver, this court does not have jurisdiction to review it. 8 U.S.C. § 1252(a)(2)(B)(i).

We remand to the BIA for the purpose of reconsidering the issue of whether Luong committed a particularly serious crime.

PETITION DENIED in part, GRANTED in part; REMANDED to the BIA.