**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leaburn ALEXANDER, Jr.,**
**Defendant–Appellant.**

**No. 95–10401.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1996.

Decided Feb. 3, 1997.

Mark L. Tuft, Cooper, White & Cooper, San Francisco, California, for defendant-appellant.

Adam Bialosky, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee.

Before: FLETCHER and FERGUSON, Circuit Judges, and KING,* District Judge.

FERGUSON, Circuit Judge:

Alexander appeals from his conviction on five counts of unarmed bank robbery under 18 U.S.C. § 2113(a). He contends that the district court abused its discretion by departing from the law of the case and admitting a previously suppressed confession. We agree and reverse.

## I. FACTS

On May 19, 1994, Alexander made a call to emergency 911 to report that someone was trying to enter his girlfriend's apartment by drilling through the bathroom wall. San Francisco Police Department ("SFPD") Officers Robert Red and Charles Anzore came to the address Alexander had specified in the 911 call. Officer Red searched for signs of attempted entry and found none. The officers then arrested Alexander on a felony warrant for failure to appear on a previous cocaine possession charge. The officers took Alexander into custody around 9:30 p.m. and transported Alexander to the SFPD's Richmond station.

Recognizing Alexander as a bank robbery suspect, the officers notified the FBI. One SFPD officer and two FBI agents interrogated Alexander at the Richmond station at about 12:30 a.m. They later testified that Alexander orally waived his *Miranda* rights before giving them a detailed confession of several bank robberies, that Alexander appeared rational and coherent, and that he appeared to understand the rights being read to him before he agreed to speak to the officers. The interview lasted about one and a half hours. The agents did not ask Alexander to sign a confession or a written waiver of his *Miranda* rights, and they did not record the interrogation.

Alexander was indicted in the Northern District of California on seven counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a).

Judge Walker, after a hearing, granted defendant's motion to suppress his confession. Evidence presented in support of defendant's motion included a recording of the 911 call Alexander made on the night of his arrest and declarations given by witnesses to Alexander's drug and alcohol intake and intoxicated behavior prior to his arrest. In his order, Judge Walker stated that he had reservations about the accuracy of the declarations submitted in support of the motion to suppress, but granted the motion on the basis of the tape or transcript of the 911 call Alexander made about three hours before he confessed.

On October 27, 1994, the government filed a Notice of Appeal from Judge Walker's suppression order. However, on January 24, 1995, the government withdrew its appeal. This court granted the government's motion for voluntary dismissal of the appeal on February 3, 1995.

When it was returned to the district court, the case was reassigned to Judge Samuel Conti. The government dropped three counts from the indictment, leaving five for trial, and filed a motion to reconsider the suppression order, requesting an evidentiary

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

hearing. Judge Conti denied the motion because he did not wish to disturb the "law of the case."

Alexander filed a motion to exclude evidence relating to his arrest for possession of crack cocaine. The government was allowed to introduce evidence of the drug arrest to show motive for the bank robberies; it produced witnesses Brenda Wilburn and Norman Hughes to testify that Alexander had a drug habit. Hughes's and Wilburn's testimony contradicted aspects of their declarations made in support of Alexander's motion to suppress his confession. In particular, they were confused as to when they had observed Alexander heavily smoking crack and acting "wild."

In light of the impeachment of the declarations, the government filed a second motion to reconsider the suppression order on March 8, 1995. Judge Conti denied the motion, finding the inconsistencies not significant enough to warrant reconsideration of Judge Walker's ruling.

On March 15, 1995, after the jury was unable to reach a verdict on any count, the court declared a mistrial.

On March 21, 1995, the government filed a third motion to reconsider the suppression order, requesting an evidentiary hearing. Judge Conti granted this motion, stating that changed circumstances resulting from events that transpired during the first trial permitted reconsideration of the suppression order.

Judge Conti held an evidentiary hearing in which the government presented evidence bearing on Alexander's state of intoxication at the time of the confession. Judge Conti then overruled Judge Walker's suppression order, and allowed the government to introduce evidence of the confession at the second trial.

The jury returned a verdict of guilty on counts 1 through 5 of the revised indictment. Alexander was sentenced to a total maximum term of 262 months.

## II. THE LAW OF THE CASE

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.) (*cert. denied* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Thomas v. Bible*, 983 F.2d at 155.

Judge Conti justified granting the government's third motion for reconsideration of the suppression order on the basis of "changed conditions" and claimed it would be a "miscarriage of justice" to refuse to revisit the issue. He cited the inconsistent testimony of Wilburn and Hughes as the changed conditions that warranted this reconsideration.

### a. Mistrial as "Changed Circumstance"

Judge Conti denied the government's second motion to reconsider the suppression order after hearing Wilburn's and Hughes's testimony for the purpose of establishing that Alexander had a drug habit. At that time, Judge Conti observed that the new testimony from Wilburn and Hughes indicated:

> the affidavits may be not 100 percent correct in regards but substantially correct, and I don't think that they would necessitate a new motion to suppress the confession due to the fact that the emphasis that Judge Walker placed was upon the 911 tape.

Thus, the only change in circumstances since the denial of the Second Motion was the mistrial.[1]

1. Although Brenda Wilburn gave additional in-

consistent testimony at trial that further im-

The law of the case doctrine ordinarily precludes reconsideration of a previously decided issue. In this circuit, a mistrial is not cause for an exception. *U.S. v. Tham*, 960 F.2d 1391, 1397 n. 3 (9th Cir.1991) (rejecting the holding of *United States v. Akers*, 702 F.2d 1145, 1147–49 (D.C.Cir.1983)). Thus, reconsideration of the suppression order was not warranted.

### b. Questioned Credibility as "Changed Circumstances"

■ Although the accuracy of the Wilburn and Hughes declarations was called into question in the first trial before Judge Conti, any inaccuracy was not material because Judge Walker did not rely on those declarations in making his finding that the government had not met its burden of showing that Alexander's waiver was voluntary, knowing, and intelligent. In his order granting Alexander's suppression motion, Judge Walker noted that "[w]hile the court has reservations about the accuracy of the alcohol quantities claimed in the Wilburn Declaration, the transcript of the 911 call convinces the court that defendant was incapable of waiving his *Miranda* rights..." Furthermore, in denying the government's second motion for reconsideration, Judge Conti found that Wilburn and Hughes's testimony was not substantially inconsistent, thereby obviating any claim that the circumstances had changed since Judge Walker granted the suppression motion.

### c. The "Clearly Erroneous" and "Manifest Injustice" Exceptions to the Law of the Case

The government argues that Judge Conti's reconsideration of the motion to suppress can be justified by the "clear error" and "manifest injustice" exceptions to the law of the case doctrine.

■ The government contends that Judge Walker committed "clear error" because he did not consider the balance of the 911 transcript and judged the credibility of conflicting declarants without an evidentiary hearing. However, in reviewing a district court's factual findings for clear error, we must not reverse as long as the findings are plausible in light of the record viewed in its entirety, even if we would have weighed the evidence differently had we been the trier of fact. *Service Employees Int'l Union v. Fair Political Practices Comm'n*, 955 F.2d 1312, 1317 n. 7 (9th Cir.), *cert. denied*, 505 U.S. 1230, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992).

■ With regard to Judge Walker's credibility determinations in the absence of an evidentiary hearing, it appears from the record that Judge Walker based his decision to suppress Alexander's confession on the 911 transcript rather than on the declarations or the credibility of the declarants. Furthermore, "[w]hether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986). Judge Walker's choice to forgo an evidentiary hearing was not an abuse of discretion because the 911 call, the authenticity of which was undisputed, was sufficient evidence to support his decision to suppress Alexander's confession.

Judge Walker's finding that Alexander was delusional at the time of the 911 call was a finding of fact adequately supported by the record. When Alexander called 911 he apparently believed that someone was drilling through the wall of his apartment and indicated that he knew that the intruder was wearing a black jacket because he could hear him drilling through the wall, but the officers who responded found no signs of forced entry. These undisputed facts support Judge Walker's findings. Furthermore, Alexander called 911 and asked police officers to come to his apartment at a time when the police had an outstanding warrant for his arrest because he had failed to appear on a cocaine possession charge.

■ Although the government and Judge Conti may disagree with Judge Walker's interpretation of the tape and his assessment of the likelihood of a knowing and intelligent waiver following such a delusional episode,

---

peached her credibility, that testimony did not relate to Alexander's drug use or drinking before the arrest and confession and therefore was not relevant to reconsideration of the suppression order.

Judge Walker's finding that Alexander was delusional was plausible in light of the evidence, and therefore was not clearly erroneous.

The government claims that a "manifest injustice" would have resulted from suppressing Alexander's confession without an evidentiary hearing because the suppression was based in part on the affidavits of Wilburn and Hughes, whose testimony had been impeached. However, as Judge Conti noted when he denied the government's second motion to reconsider, the testimony was substantially consistent with the declarations and Judge Walker based his suppression order largely on the 911 tape and not on the declarations. Therefore, no evidentiary hearing was required to avoid manifest injustice.

Because there was no substantial change of evidence, intervening change of law, other change of circumstances, showing of clear error, or showing that a manifest injustice would otherwise result at the time the prosecution submitted its third motion to reconsider the suppression order, the trial court abused its discretion in granting the motion. *Thomas v. Bible*, 983 F.2d at 154.

### III. CONCLUSION

The district court's departure from the law of the case requires reversal, and therefore, we need not address the additional issues raised on appeal.

The conviction below is REVERSED and the case is REMANDED for a new trial.