142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Leaburn ALEXANDER, Jr., Defendant-Appellant.
 No. 97-10328.
D.C. No. CR-94-00331-VRW.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 13, 1998.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the Northern District of California Vaughn R. Walker, District Judge, Presiding.
 Before CHOY, SCHROEDER, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following a remand for a new trial, Appellant Leaburn Alexander, Jr. appeals the district court's denial of his motion to dismiss the indictment on the ground of double jeopardy. Alexander also challenges the district court's denial of his request for an evidentiary hearing on the issue of the government's intent. We have jurisdiction under 28 U.S.C § 1291, and we affirm.
 
 I.
 
 3
 We review a denial of a pretrial motion to dismiss an indictment on the ground of double jeopardy de novo. See United States v. James, 109 F.3d 597, 599 (9th Cir.1997). Because the parties are familiar with the facts in this case, we need not recount them here. As a basis for his double jeopardy claim, Alexander primarily relies on the government's repeated motions to reconsider an order suppressing his confession.
 
 
 4
 The Double Jeopardy Clause of the Fifth Amendment bars repeated prosecutions of a defendant for the same offense. See Oregon v. Kennedy, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Double jeopardy attaches once a jury has been sworn. See United States v. McKoy, 78 F.3d 446, 449 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 67, 136 L.Ed.2d 28 (1996). In general, the Double Jeopardy Clause "does not prevent the government from retrying a defendant who succeeds in getting his first conviction [reversed] because of some error in the proceedings leading to conviction." Lockhart v. Nelson, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). The Supreme Court has explicitly recognized only one exception to this general rule: retrial is barred if a conviction is reversed on the ground of legally insufficient evidence. See United States v. DiFrancesco, 449 U.S. 117, 131, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).
 
 
 5
 Alexander asks us to adopt another exception: retrial should be barred when the trial error is the product of intentional prosecutorial misconduct. Alexander points to several cases that suggest such an exception exists in limited circumstances. See, e.g., Lockhart v. Nelson, 488 U.S. 33, 36 n. 2, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); United States v. Collicott, 92 F.3d 973, 984 (9th Cir.1996); United States v. Pavloyianis, 996 F.2d 1467, 1474 (2d Cir.1993). While there is some support for Alexander's proffered exception, we need not address its validity here because the government's course of conduct in this case was appropriate and did not constitute intentional prosecutorial misconduct.
 
 
 6
 "We have approved of the judicial economy that results from the pretrial reconsideration of suppression orders by the district court ." See United States v. Rabb, 752 F.2d 1320, 1322 (9th Cir.1984). These motions do not presumptively constitute misconduct. While the government may appeal a suppression order directly to the Court of Appeals, it is not required to do so. See 18 U.S.C. § 3731. As a result, the mere fact that the government withdrew its appeal of the order does not necessarily transform subsequent motions to reconsider into prosecutorial misconduct.[1] So long as there is a credible justification for the motions, they cannot be characterized as intentional misconduct.
 
 
 7
 Each of the government's motions to reconsider arguably fell within one of the exceptions to the "law of the case" doctrine. See United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (listing the exceptions). The first motion was based on "clear error": the government argued that the district court erred by judging the credibility of the declarants without an evidentiary hearing. In the second motion, the government argued that "changed circumstances" (inconsistent testimony of the declarants) justified the reconsideration. The third motion was also based on "changed circumstances" resulting from the declarants' inconsistent testimony. In reversing Alexander's earlier conviction, this court found that, in fact, there had not been a showing of changed circumstances or clear error. See Alexander, 106 F.3d at 878. The court did not, however, suggest that the prosecution lacked a legitimate basis on which to seek reconsideration. The court simply disagreed with the arguments that had convinced the district court.
 
 
 8
 Alexander fails to cite any case that characterizes the filing of motions to reconsider in criminal prosecutions as misconduct, let alone misconduct severe enough to bar retrial. As previously stated, our court encourages the pretrial reconsideration of suppression orders by the district court. There is no evidence in this case that the government's conduct was anything but zealous prosecution.
 
 II.
 
 9
 We review the district court's decision not to conduct an evidentiary hearing for abuse of discretion. See United States v. Montoya, 45 F.3d 1286, 1291 (9th Cir.1995).
 
 
 10
 Alexander argues that he made a sufficient showing of intentional misconduct to justify, at a minimum, an evidentiary hearing on the issue of the prosecution's intent in filing repeated motions for reconsideration. The district court, however, made its decision after a thorough review of the record. As discussed above, the record does not support an inference of intentional prosecutorial misconduct. There is no suggestion that the government engaged in misconduct with the intention of avoiding an acquittal or depriving Alexander of his double jeopardy rights. Recognizing that "the nature of our review requires that we accord the district court sufficient latitude to conduct the proper inquiry under the circumstances of each case," we conclude that the court did not abuse its discretion when, in the absence of evidence suggesting intentional misconduct, it declined to conduct an evidentiary hearing. See United States v. Walker, 915 F.2d 480, 483 (9th Cir.1990).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Moreover, the record does not support Alexander's allegation that the government was involved in impermissible judge shopping. The government had no involvement in the reassignment of the case, and it was not required to appeal the suppression order before it sought reconsideration