**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**James Douglas PRIDGEN,**
**Defendant—Appellant.**

No. 98–50498.

D.C. No. CR–98–00043–WDK–3.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided July 10, 2002.

Before FERNANDEZ, WARDLAW
and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

James Pridgen appeals his conviction
and sentence for carjacking, 18 U.S.C.
§ 2119, two counts for use of a firearm
during a crime of violence, 18 U.S.C.
§ 924(c), conspiracy to commit robbery, 18
U.S.C. § 371, and armed robbery of a fed-
eral credit union, 18 U.S.C. § 2113. We
have jurisdiction pursuant to 28 U.S.C.
§ 1291, and we affirm in part and reverse
and remand in part.

### I.

■ Pridgen first appeals the district
court's denial of his motion to suppress
hair and saliva samples taken pursuant to
a search warrant, but outside the presence
of counsel, and its ruling that a contempo-
raneous statement could be used for im-
peachment purposes. The physical taking
of the hair and saliva samples outside the
presence of counsel did not violate the
Sixth Amendment. *See Gilbert v. Califor-
nia,* 388 U.S. 263, 267, 87 S.Ct. 1951, 18
L.Ed.2d 1178 (1967) (holding that even
aside from the fact that the exemplars
were taken before the indictment, the tak-
ing of handwriting exemplars was not a
"critical" stage of the criminal proceed-
ings). Moreover, it is well settled that the
laboratory analysis of these samples is not
a critical stage of the proceedings requir-
ing the presence of counsel under the
Sixth Amendment. *United States v.
Wade,* 388 U.S. 218, 227–28, 87 S.Ct. 1926,
18 L.Ed.2d 1149 (1967). Although we
agree that the government's execution of
the search warrant without notifying coun-
sel is a dubious practice, at best, any error
in allowing the statement's use for im-
peachment purposes would be harmless in
light of the overwhelming evidence of Prid-
gen's guilt, the fact that the statement was
never actually used, and Pridgen's conces-
sion that the statement was voluntary.
*See Michigan v. Harvey,* 494 U.S. 344, 351,
110 S.Ct. 1176, 108 L.Ed.2d 293 (1990).

### II.

■ Pursuant to the law of the case
doctrine, we decline to consider Pridgen's

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

argument that the trial court deprived him of a fair trial because it admonished the government for undercharging Pridgen and his codefendant, David Wilkerson. *United States v. Garcia*, 77 F.3d 274, 276 (9th Cir.1996). A prior panel of our court previously reviewed and affirmed the district court's denial of Wilkerson's motion, which Pridgen joined, to recuse the judge and to dismiss the additional charges later filed by the government. *United States v. Wilkerson*, 208 F.3d 794 (9th Cir.2000). Pridgen offers no intervening controlling authority, substantially different evidence, or other changed circumstances that would alter our decision. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997). Furthermore, despite his disagreement with the prior panel, he cannot show why its decision was clearly erroneous or would result in a manifest injustice. *Id.*

### III.

■ Pridgen's complaint that the court violated his Fifth Amendment Confrontation Clause rights when it admitted excerpts of Wilkerson's plea colloquy also cannot stand. Wilkerson's guilty plea was made under oath and with the advice of counsel before the same judge. *See United States v. Aguilar*, 295 F.3d 1018 (9th Cir.2002). The portion of the statement admitted was against Wilkerson's penal interest, did not mention or allude to Pridgen, and did not exculpate Wilkerson to Pridgen's detriment. *Id.* Because the plea allocution demonstrated "particularized guarantees of trustworthiness," there was no violation of Pridgen's Fifth Amendment rights. *Id.; see also Williamson v. United States*, 512 U.S. 594, 608, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994).

### IV.

■ Pridgen contends that the government failed to prove beyond a reasonable doubt that he had the necessary scienter to effect a carjacking in violation of 18 U.S.C. § 2119. We disagree. Evidence that Pridgen pointed a firearm at the victim, hit the victim on the back of the skull, and later boasted about the carjacking, claiming the victim should not have resisted because he could have been hurt "real bad," was sufficient to establish that Pridgen "would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." *Holloway v. United States*, 526 U.S. 1, 12, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999).

### V.

■ We also reject Pridgen's contention, made for the first time on appeal, that the district court erred in failing to instruct the jury that it needed to agree unanimously as to the acts committed. Despite Pridgen's contention to the contrary, the evidence was not complex; the indictment was not broad or ambiguous; and, save for one note regarding the photographic spread, the jury did not communicate its confusion to the court. *See United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir.1989).

### VI.

■ We find no basis in Pridgen's argument, also made for the first time on appeal, that the two-point enhancement for the taking of property belonging to a financial institution constitutes impermissible double counting in violation of the double jeopardy clause. *See* U.S.S.G. § 2B3.1(b)(1). The two-level enhancement is consistent with the Sentencing Commission's stated objective to punish robberies of financial institutions and post offices more severely because these entities typically keep large amounts of readily available cash, and are therefore particularly

attractive robbery targets. *See United States v. Smith,* 905 F.2d 1296, 1301 (9th Cir.1990). Because it is possible to come within the guideline for "Robbery" without taking the property of a financial institution, Pridgen's crime would not be fully accounted for without the two-level enhancement. *United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993) ("[T]here is nothing wrong with 'double counting' when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct.").

## VII.

We agree with Pridgen that the district court committed plain error in requiring him to pay the full outstanding amount taken from the bank without accounting for the restitution to be paid by his co-defendant, Wilkerson. *See United States v. Scott,* 270 F.3d 30, 51–53 (1st Cir.2001) (The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A(a)(1), does not contemplate the victim's recovery of more than the amount lost.). Accordingly, we remand the restitution portion of Pridgen's sentence for clarification either that Pridgen is jointly and severally liable with Wilkerson for the repayment of the full amount to the bank or limiting the amount recoverable to the amount lost.

Finally, because the Judgment and Probation/Commitment Order reflects a scrivener's error in direct conflict with the unambiguous oral pronouncement of the restitution to be paid, we remand for the purpose of correcting the judgment to reflect that Pridgen is to repay $113,790.00, rather than $210,920.00.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.