UNITED STATES of America,
Plaintiff–Appellee,

v.

Jesus GONZALEZ–MARICHAL,
Defendant–Appellant.

No. 05–50331.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided June 29, 2006.

Jason M. Ohta, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, Esq., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT and TROTT, Circuit Judges, and ROBART, District Judge.*

* The Honorable James L. Robert, United States District Judge for the Western District of Washington, sitting by designation.

## MEMORANDUM **

Jesus Gonzalez–Marichal appeals his conviction for transporting illegal aliens causing serious bodily injury in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), and (a)(1)(B)(iii), and for bringing in illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). We affirm.

■ The district court properly exercised its discretion to deviate from the law of the case during Gonzalez–Marichal's second trial when it withdrew a jury instruction because it lacked evidentiary support. Although the law of the case doctrine ordinarily precludes a court from reexamining a legal issue previously decided, a court properly exercises its discretion when it reconsiders a prior ruling that is clearly erroneous. *See United States v. Alexander,* 106 F.3d 874, 877 (9th Cir. 1997). Because there was no evidence that witness Fernando Garcia–Rodriguez received any benefit from the government in exchange for his testimony, the district court did not err in withdrawing a cautionary instruction concerning his credibility. *Compare United States v. Hoyos,* 573 F.2d 1111, 1116 (9th Cir.1978) (holding that district court did not err in denying cautionary instruction because witness testimony was not tied to "the sale of specific information"), *with Guam v. Dela Rosa,* 644 F.2d 1257, 1259–60 (9th Cir.1981) (holding that trial court erred in denying cautionary instruction where evidence "undisputedly show[ed] that [the witness's] testimony was secured by a promise not to prosecute").

■ The district court did not abuse its discretion in allowing a police officer to testify about Gonzalez–Marichal's behavior

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

during a prior contact with law enforcement. The officer's testimony, which the government offered to rebut Gonzalez–Marichal's testimony about his ingrained fear of law enforcement, does not constitute "other acts" evidence under Fed. R.Civ.P. 404(b) ("Rule 404(b)"). *See, e.g., United States v. Morgan,* 376 F.3d 1002, 1007 (9th Cir.2004) (holding that bankruptcy petition offered to rebut defendant's denial of "personal credit problems" was not prior acts evidence); *United States v. Kearns,* 61 F.3d 1422, 1426–27 (9th Cir. 1995) (holding that deeds showing property transfers among co-conspirators offered to rebut defendant's denial of any such participation was not prior acts evidence). Because the evidence falls outside the scope of Rule 404(b), the district court did not abuse its discretion in admitting the evidence without requiring the government to meet Rule 404(b)'s notice requirements.

AFFIRMED.

REINHARDT, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's holding that the district court did not abuse its discretion by allowing the police officer to testify. I dissent, however, from its conclusion that the district judge properly exercised his discretion in deviating from the law of the case when he refused to give a cautionary jury instruction regarding witness Fernando Garcia–Rodriguez's testimony at defendant's second trial. As the majority acknowledges, such a deviation is permissible where, *inter alia,* giving the instruction at the first trial constituted clear error. *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997). Although it is not entirely clear that the instruction should have been given at the first trial, doing so did not constitute clear error because Garcia–Rodriguez twice testified that the government was not prosecuting him for ille-

gal reentry, and his pending civil suit against the defendant would be furthered if the defendant were found guilty at the criminal trial. The giving of such a cautionary instruction under these circumstances finds some support in our case law. *See, e.g., Territory of Guam v. Dela Rosa,* 644 F.2d 1257, 1259 (9th Cir.1980) ("[C]ourts have long recognized that the definition of an informer includes persons who provide evidence against a defendant *for some personal advantage or vindication,* as well as for pay or immunity." (emphasis added)). Moreover, because the government has not pointed to any cases that hold that giving such an instruction under similar circumstances is improper, I would conclude that the district judge did not commit clear error in giving the instruction at the first trial, and therefore hold that his departure from the law of the case at the second trial was erroneous. Because the first trial resulted in a hung jury and the only truly significant difference between the trials was the omission of the instruction in question at the second trial, I would hold the error prejudicial and reverse.