**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel PRADO, Defendant–Appellant.**

**No. 04–10454.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed May 3, 2007.

Thomas E. Flynn, Esq., McGregor W. Scott, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

Victor S. Haltom, Esq., Sacramento, CA, for Defendant–Appellant.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Miguel Prado was convicted of distribution of cocaine base and possession of cocaine with intent to distribute. On appeal, he argues that the district court violated the law of the case doctrine by reconsidering a suppression order. There was no such violation.

The district court initially granted the suppression motion because it was not opposed, and the court did not consider any evidence on whether the search was supported by reasonable suspicion. The district court's decision to reconsider in light of new evidence was not an abuse of discretion. *Leslie Salt Co. v. United States,* 55 F.3d 1388, 1393 (9th Cir.1995).

Contrary to Prado's contention, *United States v. Alexander,* 106 F.3d 874 (9th Cir.1997), does not compel suppression. In *Alexander,* the district court abused its discretion by reversing a prior suppression order even though the evidentiary basis for that order had not changed. Here, the initial suppression order was based solely on non-opposition; the district court made no findings to which it was bound. The district court was permitted to consider new evidence that the government submitted in support of a motion for reconsideration. *See Leslie Salt,* 55 F.3d at 1393; *see*

also *United States v. Buffington,* 815 F.2d 1292, 1298 (9th Cir.1987).

Prado further argues that his sentence should be reconsidered in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Prado was sentenced under the pre-*Booker* mandatory sentencing regime, we remand to the district court to consider only whether the sentence would have been materially different had the district court known that the Sentencing Guidelines was advisory. *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

**AFFIRMED IN PART, REMANDED IN PART.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.