**LEEGIN CREATIVE LEATHER PRODUCTS, INC., a California corporation, Plaintiff—Appellant,**

v.

**BELTS BY NADIM, INC., a California corporation, Defendant—Appellee,**

and

**ABC Companies, Defendant.**

**Leegin Creative Leather Products, Inc., a California corporation, Plaintiff—Appellee,**

v.

**Belts by Nadim, Inc., a California corporation, Defendant—Appellant,**

and

**ABC Companies, Defendant.**

**Leegin Creative Leather Products, Inc., a California corporation, Plaintiff—Appellant,**

v.

**Belts by Nadim, Inc., a California corporation, Defendant—Appellee,**

and

**ABC Companies, Defendant.**

Nos. 06–56144, 06–56156, 07–55839.

United States Court of Appeals, Ninth Circuit.

Argued Jan. 13, 2009.

Submitted Feb. 12, 2009.

Filed Feb. 25, 2009.

**574**

Miles Feldman, Esquire, Browne Woods & George, LLP, Beverly Hills, CA, Gary A. Freedman, Esquire, Law Offices of Gary Freedman, Santa Monica, CA, Peter W. Ross, Esquire, Dreier Stein Kahan Browne Woods George LLP, Los Angeles, CA, for Plaintiff–Appellant.

Lawrence E. Heller, Esquire, Heller & Edwards, Beverly Hills, CA, for Defendant–Appellee.

Before: TROTT, KLEINFELD and IKUTA, Circuit Judges.

## MEMORANDUM *

The district court did not abuse its discretion in denying Nadim's motion for a new trial on Leegin's watch-design infringement claims. A district court has broad discretion to award a plaintiff up to $150,000 in statutory damages for each instance in which a defendant "willfully" infringed the plaintiff's copyright. 17 U.S.C. § 504(c)(2). In § 504(c)(2), the term "willfully ... refers to conduct that occurs with knowledge that the defendant's conduct constitutes copyright infringement." *Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 957 (9th Cir.2001) (internal quotation marks omitted). Here, the evidence established that Nadim continued to sell infringing watches after receiving notice of Leegin's lawsuit, and there is no basis for Nadim's argument that its infringement of Leegin's copyrights was not willful because Leegin's notice failed to identify with specificity the copyrights that Nadim's watches allegedly infringed. The

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Copyright Act imposes no such duty on Leegin.

We also reject Nadim's argument that the district court erred in imposing the maximum statutory damages. Nadim does not point to any basis for concluding that such an award was an abuse of discretion, and it is well established that statutory damages may be imposed for both punitive and compensatory purposes. *See Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir.1998).

The district court did not abuse its discretion in holding evidence of Leegin's alleged infringement of other copyrights not at issue in the trial inadmissible under Rules 401 and 403 of the Federal Rules of Evidence. Nor was it plain error for the district court to deny Nadim's motion for a new trial based on allegations of jury bias and misconduct on the part of Leegin's attorney. *See Settlegoode v. Portland Pub. Schs.,* 371 F.3d 503, 517 (9th Cir. 2004).

■ The district court did not err by entering judgment in favor of Nadim on Leegin's belt-design infringement claims. The verdict form was ambiguous as to which belt-design copyrights Nadim violated, and Leegin stipulated to entry of judgment on the state of the record in lieu of a second trial, which at that point would have been limited to the issue of Nadim's wrongful profits. We conclude, however, that Leegin may nonetheless challenge the district court's prior rulings on actual damages because Leegin's stipulation to entry of judgment was not a voluntary dismissal of its belt-infringement claims, only a dismissal of its claim for Nadim's wrongful profits as a result of the belt-design infringement.

With respect to the issue of actual damages for Leegin's belt-design infringement claims, the district court did not err in granting Nadim's motion for a new trial and in subsequently granting Nadim's motion for summary judgment. Leegin failed to present sufficient evidence of actual damages to create a genuine issue of material fact that could survive summary judgment. *See Ets–Hokin v. Skyy Spirits, Inc.,* 225 F.3d 1068, 1073 (9th Cir.2000). None of the evidence adduced at trial established a causal connection between Nadim's infringement and any lost goodwill or lost sale by Leegin. *See Harper & Row, Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 567, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). Although Leegin presented evidence that Nadim sold infringing products, no testimony or other evidence supported Leegin's argument that a purchaser of such infringing products would have bought Leegin's products had the infringing versions not been available. In the context of determining damages under § 504(b), "mere speculation does not suffice to link the losses to the infringement." *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 710 (9th Cir.2004).

■ Leegin's theory that it is entitled to actual damages for the lost value of use of its belt design is similarly unsupported by the record. Nadim used Leegin's belt designs, not its belts, without compensating Leegin; Leegin can therefore claim only the lost value of use of the belt design. *See Wall Data Inc. v. Los Angeles County Sheriff's Dept.,* 447 F.3d 769, 786 (9th Cir. 2006); *Polar Bear Prods.,* 384 F.3d at 709; *Mackie v. Rieser,* 296 F.3d 909, 917 (9th Cir.2002). Although Leegin provided evidence of the value of its belts, it offered no evidence of the market value of a license to use its copyrighted belt designs.

Because Leegin did not adduce evidence of actual damages sufficient to create a genuine issue of material fact, we conclude that the district court did not err in granting Nadim's motion for summary judgment. We also conclude that the district court did not abuse its discretion in grant-

ing Nadim's motion for a new trial because the jury's actual damages award of $254,725 was "against the clear weight of the evidence." *Wallace v. City of San Diego,* 479 F.3d 616, 630 (9th Cir.2007).

Nadim based its motion for a new trial on the grounds that there was insufficient evidence to support either the wrongful-profits or actual-damages awards, and the district court based its ruling on the erroneous ground that no evidence supported the jury's $245,275 award for wrongful profits. It is well established that "in reviewing the decision of a lower court, it must be affirmed if the result is correct although the lower court relied upon a wrong ground or gave a wrong reason." *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) (internal quotation marks omitted). Neither the Supreme Court, nor any decision of our court, has suggested this long-standing rule is inapplicable to a district court's grant of a motion for a new trial. Although we review such a grant for abuse of discretion rather than undertaking a de novo review, this distinction is not dispositive; we have previously upheld a district court's exercise of discretion even when based on erroneous grounds. *See United States v. Alexander,* 48 F.3d 1477, 1487 (9th Cir.1995) (upholding a district court's admission of documents under the hearsay exceptions on a ground "different from the reason given by the district court"); *Bemis v. Edwards,* 45 F.3d 1369, 1372 (9th Cir.1995) ("We review district court rulings on admissibility under exceptions to the hearsay rule for an abuse of discretion."). As the Supreme Court explained, "[i]t would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate." *Chenery,* 318 U.S. at 88, 63 S.Ct. 454. This principle is equally applicable here.

The parties argue that the district court abused its discretion by denying their respective motions for attorneys' fees and costs. We have held that, "[g]enerally, a district court's order on attorneys' fees may be set aside if the court fails to state reasons for its decision." *Twentieth Century Fox Film Corp. v. Entm't Distrib.,* 429 F.3d 869, 883 (9th Cir.2005) (internal quotation marks and alterations omitted). The district court gave no reasons for its denial of either of the two motions, and none are apparent from our review of the record. We therefore vacate the district court's order denying Leegin's and Nadim's motions for attorneys' fees and costs and instruct the district court on remand to exercise its discretion in a reasoned order. Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

KLEINFELD, J., concurring in part and dissenting in part:

I concur in the portions of the majority disposition affirming with regard to Nadim's appeal. I respectfully dissent with regard to Leegin's appeal.

The district court denied Nadim's motion in limine to exclude evidence of lost profits, sales, and reputation. By doing so, it caused the parties to spend a considerable amount of money, and jurors to spend a considerable amount of time and effort, on a jury trial. The jury returned a verdict in favor of Leegin. With no explanation at all, the district court then granted Nadim's motion for a new trial.

When pressed for an explanation, the district court said that "there was no evidence to support the $245,275 award for the profits gained by defendants." Nadim's own principal, however, authenticated a spreadsheet showing that its gross sales of the infringing belts totaled

$245,275. "If the infringing defendant does not meet its burden of proving costs, the gross figure stands as the defendant's profits."[1] A reasonable jury could conclude that Nadim, the infringing defendant, had not met its burden of proving costs, especially because the jury learned that Nadim had falsified other evidence. The spreadsheet authenticated by Nadim's principal contradicts the district court's claim that "no evidence" supports the $245,275 award. This admission by its principal was all the evidence needed. The grant of a new trial was an abuse of discretion because it was based on a clearly erroneous finding of fact.[2]

The district court granted a new trial because of an issue with the wrongful profits award. The majority affirms the grant of a new trial because of an issue with the actual damages award. Actual damages, however, are different from wrongful profits. "Congress explicitly provides for two *distinct* monetary remedies—actual damages and recovery of wrongful profits."[3] Nadim moved for new trial based on both actual damages and wrongful profits. The district court did not grant a new trial because of actual damages, only wrongful profits. We know this because the district court approved a remittitur that included the jury's award of actual damages. It denied Nadim's motion to alter or amend the remittitur, in which Nadim argued that the actual damages verdict was not supported by the evidence.[4] We should not now affirm the district court on a ground that the district court had previously considered and rejected.[5]

On this record, what deserves deference is the jury verdict, not the decision of the district court.[6] There was sufficient evidence of actual damages, when reasonable inferences as well as direct evidence are considered. Direct evidence showed that some of Nadim's infringing belts were placed immediately next to Leegin's products on store shelves. It is a reasonable inference (supported in this case by opinion testimony), and not "mere speculation,"[7] to conclude that such placement had a substitution effect—that some customers who purchased an infringing (and less expensive) Nadim belt would have purchased Leegin belt had the Nadim belt not been available—as well as an adverse effect on the value of Leegin's brand. Put a lower-priced item immediately next to a similar item made by a name brand and some consumers will choose the lower-priced one. That's why retailers put the store brand next to the name brand. Nadim offered no evidence to counter this reasonable inference.

Leegin also introduced evidence supporting the approximate amount of dam-

1. *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 514 (9th Cir.1985).

2. See *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir.2005).

3. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707–08 (9th Cir.2004) (emphasis added).

4. Eight months later, without any explanation, the district court vacated the remittitur and reinstated the new trial order. When again pressed for explanation, the court reiterated the same reason as before—an issue with the wrongful profits award.

5. See *United States v. Alexander*, 106 F.3d 874, 876–77 (9th Cir.1997) (district court's refusal to apply law of the case doctrine to issues previously decided constitutes abuse of discretion).

6. See *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir.2004) ("The relevant inquiry is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury verdict.").

7. *Id.* at 710 (9th Cir.2004).

ages. It lost $12.80 in direct and indirect profits for each infringing belt sold. 9,927 infringing belts were sold,[8] resulting in $127,065 lost profits. Doubled to account for the loss of consumer goodwill and other intangible damages, the result is less than $1000 different from the jury's verdict.

This evidence also shows that the district court erred in granting summary judgment for Nadim, especially after a jury verdict went the other way. The grant of summary judgment, without explanation, came almost three years after the denial of judgment as a matter of law, also without explanation. Such unreasoned reversals of unreasoned decisions do not merit deferential review. I would reverse and remand with instructions to enter judgment in accord with the jury verdict.

I would also instruct the district court to grant attorneys' fees in favor of Leegin, the prevailing party based upon the jury verdict. The majority reverses the denial of attorneys' fees, holding that district court should exercise its discretion in a reasoned order. The contrast between how we treat the unreasoned decision denying attorneys' fees and the unreasoned decision granting a new trial is telling. On attorneys' fees we reverse and remand. On the grant of a new trial, however, the majority searches the record to find any reason to uphold the district court. Applying the same standard of review to the same lack of reasoning from the district court should not produce different results.

---

8. Some infringing belts were returned. The jury could have determined, however, that they were returned precisely because they were not the Leegin products which they resembled.

