FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT P. SMITH, III,<br><br>              Plaintiff - Appellant,<br><br> v.<br><br>JAMES GOMEZ,<br><br>              Defendant - Appellee. | No. 08-15506<br><br>D.C. No. 1:93-CV-05390-AWI-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted August 11, 2011[**]

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

     Robert P. Smith, III, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendant violated his right of access to the courts. We have jurisdiction under 28

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Smith's request for oral argument is denied.

U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Smith failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of defendant classifying him as non-indigent and denying him free legal copies. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim).

Smith's challenges to the district court's denial of his motions for injunctive relief are either moot or will not be considered by this court under the doctrine of law of the case. *See Teamsters Joint Council No. 42 v. Int'l Bhd. of Teamsters*, *AFL-CIO*, 82 F.3d 303, 307 (9th Cir. 1996) ("Affirmance of the district court's grant of summary judgment moots the preliminary injunction appeal."); *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Smith's discovery requests because Smith has not shown that he suffered any prejudice. *See Laub v.*

*U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (district court's "broad discretion to permit or deny discovery . . . will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Smith's motion for leave to amend, filed 10 years after initiation of the lawsuit. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (reviewing for abuse of discretion and stating that a district court may deny a motion for leave to amend if permitting the amendment would unduly delay the litigation or prejudice the opposing party).

The district court did not abuse its discretion in denying Smith's motions for appointment of counsel because Smith failed to establish exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of counsel).

Smith's remaining contentions are unpersuasive.

Smith's motion to file his Reply Brief one day late is granted. The Clerk shall file the Reply Brief received May 19, 2011.

**AFFIRMED.**