**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICK BRADLEY MENNICK,

Plaintiff - Appellant,

v.

J. SMITH, Warden of IMSI; et al.,

Defendants - Appellees.

No. 10-35747

D.C. No. 1:08-cv-00161-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Idaho state prisoner Nick Bradley Mennick appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process,

Eighth Amendment, and retaliation claims in connection with his confinement in

administrative segregation.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo, and may affirm on any ground supported by the record. *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Mennick's claim that his confinement in administrative segregation violated his due process rights because, even assuming that there was a liberty interest at stake, prison officials afforded Neal all the process he was due under the Fourteenth Amendment. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01, 1104 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court properly granted summary judgment on Mennick's Eighth Amendment claim because Mennick failed to raise a genuine dispute of material fact as to whether his continued confinement in administrative segregation placed him at substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Summary judgement was properly granted on Mennick's retaliation claim because Mennick failed to raise a triable dispute as to retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim).

Mennick's challenge to the district court's denial of his motion for a preliminary injunction is either moot or will not be considered by this court under

2                                                                                      10-35747

the doctrine of law of the case. *See Teamsters Joint Council No. 42 v. Int'l Bhd. of Teamsters, AFL-CIO*, 82 F.3d 303, 307 (9th Cir. 1996) ("Affirmance of the district court's grant of summary judgment moots the preliminary injunction appeal."); *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Mennick's "Motion for Clarification" is granted. We have reviewed the opening brief filed in this appeal.

**AFFIRMED.**