**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. CHARLES JAJDELSKI,<br><br>　　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>KAPLAN, INC.,<br><br>　　　　　　　Defendant-Appellee. | No.　15-15668<br><br>D.C. No.<br>2:05-cv-01054-KJD-GWF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 15, 2017
San Francisco, California

Before:　McKEOWN and BYBEE, Circuit Judges, and MOLLWAY,[**] District Judge.

Charles Jajdelski, a *qui tam* relator, appeals the district court's grant of

summary judgment to Kaplan, Inc. ("Kaplan") on his False Claim Act ("FCA")

"phantom student" and retaliatory discharge claims.　We review de novo the

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

district court's grant of summary judgment. *U.S. ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly granted summary judgment on Jajdelski's "phantom student" claim. There was no genuine issue of material fact with respect to this claim.[1] While Jajdelski has described a generalized scheme to defraud, he has "fail[ed] to detail any particular false claim or even to provide sufficiently detailed circumstantial evidence of such a claim." *Kitsap*, 314 F.3d at 1002. The sole direct evidence of a false claim Jajdelski offers is the case of R.R., the student who attempted to re-enroll in a Heritage College ("Heritage") program only to discover that she was listed as "graduated" even though she had dropped out. But Robles's listing on the attendance roster and as falsely "graduated" does not necessarily mean that Heritage continued to receive student aid funds for Robles after she left the school. Jajdelski submitted no evidence of a false claim.

As for circumstantial evidence, the boxes of undistributed diplomas found by Jajdelski suffer from the same problem: not only was Jajdelski unable to remember the names of any students for whom the diplomas were issued, but also the claim that students were falsely "graduated" does not mean that Heritage made claims for or received student aid funds after those students dropped out.

---

[1] In view of our decision, we do not reach the corporate entity issue.

2

Similarly, Director of Education Joan Fincher's statement about graduation is not linked to an actual false claim. To the extent this evidence shows that Heritage falsified graduation and placement rates, the evidence goes toward the previously dismissed accreditation claim, rather than the "phantom student" claim. *See U.S. ex rel. Jajdelski v. Kaplan, Inc.*, 517 F. App'x 534, 536 (9th Cir. 2013).

Finally, although Kaplan's subsidiary did voluntarily refund tuition to 51 students, Jajdelski has not been able to identify any specific examples of additional false claims, even though Kaplan provided Jajdelski with access to extensive student records during discovery.

Jajdelski's retaliatory discharge claim is barred by the law of the case. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). In the first appeal, Jajdelski did not challenge the district court's dismissal of this claim. *See* Brief of Plaintiffs-Appellants, *Kaplan*, 517 F. App'x 534 (No. 11–16651), 2011 WL 9686577 at *2. Accordingly, the previous panel reversed only as to Jajdelski's FCA "phantom student" claim and "conclude[d] that all of Jajdelski's other allegations were properly dismissed." *See Kaplan*, 517 F. App'x at 536.

**AFFIRMED.**