NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EAST BAY LAW, Plaintiff-Appellant, v. FORD MOTOR COMPANY, Defendant-Appellee. | No. 16-15318 D.C. No. 3:15-cv-04257-TEH MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted September 12, 2017[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and BEA, Circuit Judges.

Plaintiff East Bay Law appeals the district court's orders dismissing its

action against Defendant Ford Motor Company for failure to state a claim under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Federal Rule of Civil Procedure 12(b)(6), denying Plaintiff's motion to remand based on a lack of diversity jurisdiction, and directing Plaintiff to show cause why it should not be sanctioned for filing an amended complaint in violation of Rule 15(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court properly exercised diversity jurisdiction over this action. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). The dismissal of Plaintiff's prior action against Defendant based on the same allegations for lack of subject matter jurisdiction does not preclude federal jurisdiction in the present case. *See East Bay Law v. Ford Motor Co.*, No. 13-17280 (9th Cir. May 15, 2015) (order remanding Plaintiff's prior action with instructions to dismiss for failure to sufficiently allege diversity jurisdiction); *Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 846 (9th Cir. 1979) ("When the jurisdictional impediment to federal district court jurisdiction is removed, the parties can return to the district court to obtain an adjudication on the [substantive] issues."). Because a dismissal for lack of jurisdiction is not a final judgment on the merits, res judicata and collateral estoppel do not apply. *See* Fed. R. Civ. P. 41(b); *Segal*, 606 F.2d at 844. The only issue decided in the prior action was that Plaintiff insufficiently alleged diversity jurisdiction. And, because that defect has been cured, the district court properly found that the law of the case doctrine did not bar the present action. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.

1997).

**2.** The district court properly dismissed Plaintiff's action with prejudice because Plaintiff failed to allege that it actually purchased the voice-activated navigation system upgrade ("navigation upgrade") it claims it did not receive. Ford's 2013 Taurus SEL vehicle brochure represented that customers who purchased one of two equipment group packages, 201A or 202A, could additionally purchase nine "available options," including leather seating and the navigation upgrade. Plaintiff does not dispute that it purchased only the 201A equipment group package and optional leather seating, but not the navigation upgrade. It is clear Plaintiff knew how to purchase additional options because Plaintiff purchased the leather seating option listed in the same section of the brochure as the navigation upgrade. And, because the navigation upgrade already came with an SD card containing roadmaps, it is not plausible that Plaintiff would need to purchase an additional SD card to acquire the upgrade. Plaintiff thus cannot state a plausible claim against Defendant.[1]

**3.** A party may amend its complaint once as a matter of course within 21 days after a responsive pleading or a motion to dismiss is served, whichever is

---

[1] The district court also properly declined to take judicial notice of two class action complaints filed against Defendant in unrelated cases. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Courts may *only* take judicial notice of adjudicative facts that are 'not subject to reasonable dispute.'" (emphasis added) (quoting Fed. R. Evid. 201(b))).

earlier. Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff filed an amended complaint, without obtaining Defendant's written consent or the court's leave, 70 days after Defendant filed its motion to dismiss. Thus, the district court did not abuse its discretion in issuing an order to show cause why Plaintiff should not be sanctioned for filing an amended complaint in violation of Rule 15(a)(2).

Plaintiff shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**