**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50285 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02761-BLM-BEN-1 |
| v. | |
| ELISHA PAUL HARLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted October 15, 2019**
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,*** District
Judge.

Elisha Harley appeals his convictions for assault on a federal officer and

depredation of government property. We have jurisdiction pursuant to 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

§ 1291, and affirm.

1.   The district court did not abuse its discretion in admitting Harley's racist remarks. The court reversed its initial in limine ruling because numerous changed circumstances warranted reconsideration of that ruling, including Harley's reliance on a lack of intent defense at the first trial. *See United States v. Mende*, 43 F.3d 1298, 1301–02 (9th Cir. 1995) (affirming admission of evidence probative of the defendants' knowledge because their presentation of a lack of knowledge defense warranted reversal of a prior in limine ruling). Those changed circumstances make this case different from *United States v. Alexander*, in which "the only change in circumstances . . . was the mistrial." 106 F.3d 874, 876 (9th Cir. 1997). The probative value of these remarks was also not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. The remarks offered insight into Harley's intent, and any prejudice was minimized by the limiting instructions that were given. Nor were the remarks introduced for an impermissible purpose. They were introduced to establish Harley's intent—not to show that he acted in conformity with a character trait. *See* Fed. R. Evid. 404(b)(2).

2.   The district court also did not abuse its discretion in excluding evidence of Harley's later interactions with Border Patrol Agent Sebastian Fernandez. Such evidence was not relevant to any question before the jury.

2

3.   Lastly, there was no prosecutorial misconduct during closing argument. The government's reference to Harley's handcuff "trick," and its description of Harley as "wild" and "violent" and a person who "has a problem with Hispanic border patrol agents," reasonably described the evidence presented at trial. *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (holding that no prosecutorial misconduct is committed where the "terms and phrases" the government uses in closing are "reasonably descriptive" of the evidence adduced at trial). The government did not engage in improper vouching by describing closing arguments as providing an opportunity to summarize the evidence presented at trial, or by characterizing the evidence admitted in this case as sufficient to support a guilty verdict. *See United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) ("Prosecutors can argue reasonable inferences based on the record . . . ."). Nor did the government impermissibly disparage defense counsel by criticizing her litigation tactics. *United States v. Barragan*, 871 F.3d 689, 703 (9th Cir. 2017) ("Criticism of defense theories and tactics is a proper subject of closing argument." (quoting *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997))).

**AFFIRMED.**