**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ray Marion CUDDY, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jacob Harold SHERWOOD, Defendant–Appellant.**

Nos. 97–10064, 97–10067.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1998.

Decided June 29, 1998.

Mitchell Posin, Posin & Posin, Las Vegas, NV, for defendant-appellant Ray Marion Cuddy.

Daniel J. Albregts, Las Vegas, NV, for defendant-appellant Jacob Harold Sherwood.

Thomas M. O'Connell, Assistant United States Attorney, Las Vegas, NV, for plaintiff-appellee.

Before: GOODWIN and PREGERSON, Circuit Judges, and GONZALEZ,* District Judge.

PREGERSON, Circuit Judge:

This case is again before us on a sentencing guideline issue after an earlier remand to the district court on the same issue.

Defendants Ray Marion Cuddy and Jacob Harold Sherwood were sentenced to prison after a jury found them guilty of all offenses charged in their indictments. Their convictions arose out of their extortion of $1.45 million from Las Vegas casino/hotel owner

---

* Hon. Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation.

Steven Wynn, whose daughter was kidnapped by defendants.

Defendants again appeal the district court's two-level upward departure under United States Sentencing Guideline ("U.S.S.G.") § 2B3.2, Application Note 8, which permits an upward departure if the offense involved "a threat to a family member of the victim." We affirm.

## BACKGROUND

On July 26, 1993, Ray Marion Cuddy and Jacob Harold Sherwood kidnapped Kevin Wynn, the daughter of the Chief Executive Officer of Mirage Resorts, Inc., Steven Wynn.[1] The defendants taped Ms. Wynn's eyes shut, put sunglasses on her, and forced her to undress. They then took pictures of her in her underwear and threatened to release the pictures to the public if she or her father went to the police. Ms. Wynn was then permitted to dress and the defendants tied her up, placed her in her car, and drove her to the McCarran International Airport. The defendants phoned Steven Wynn and demanded a ransom of $1.45 million dollars. Mr. Wynn paid the ransom and recovered his daughter about three hours after she was kidnapped.

On December 8, 1993, Ray Marion Cuddy and Jacob Harold Sherwood were charged with Conspiracy to Interfere with Interstate Commerce by Threats or Violence (18 U.S.C. § 1951); Interference with Interstate Commerce by Threats or Violence (18 U.S.C. § 1951); Use of a Firearm in the Commission of a Crime of Violence (18 U.S.C. § 924(c)), and two counts of Aiding and Abetting (18 U.S.C. § 2). Cuddy was also charged with Laundering of Monetary Instruments (18 U.S.C. § 1956(a)(1)(B)(i) & (ii)) and Sherwood was charged with Conspiracy to Launder Monetary Instruments (18 U.S.C. § 1956(a)(1)(B)(i) & (ii)). After a jury trial, the defendants were convicted on all counts. Cuddy was sentenced to 235 months in prison with an additional 60 months to run consecutively. Sherwood was sentenced to 168 months in prison with an additional 60 months to run consecutively.

Defendants Sherwood and Cuddy then appealed their convictions to this court in a consolidated appeal. *See United States v. Sherwood*, 98 F.3d 402 (9th Cir.1996) ("*Sherwood I*"). We affirmed their convictions but remanded to the district court the question whether it properly departed upward based on Application Note 8 of U.S.S.G. § 2B3.2, which permits an upward departure if the offense involved "a threat to a family member of the victim."

On remand, the district court again imposed the two-level upward departure under Application Note 8 based on a threat to Ms. Wynn's life. On appeal, the defendants make two arguments challenging the district court's imposition of the two-level enhancement under Application Note 8.

First, the defendants note that our decision in *Sherwood I* stated that the record did not support a finding that Ms. Wynn's life was threatened. Thus, they argue that the district court violated the "law of the case" when it determined that the record did support such a finding. Second, defendants alternatively argue that the district court improperly enhanced their sentences based on a threat to Steven Wynn, rather than on a threat to his daughter. Defendants contend that because Steven Wynn was the direct victim of the extortion, he cannot also be considered "a family member of the victim" for purposes of enhancement under Application Note 8.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## STANDARD OF REVIEW

■ We review a district court's decision to depart from the applicable sentencing guideline range for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996).

## I.

Sherwood and Cuddy argue that the district court erred by departing upward based on a threat to Ms. Wynn's life because this court, through an earlier panel, previously found that the record does not support a finding that Ms. Wynn's life was threatened. Defendants therefore contend that the district court's sentencing decision that involved Application Note 8 departed from the law of

---

1. The defendants were not charged in federal court with the offense of kidnapping.

the case. We agree. But we also conclude that on remand the district court was justified in departing from the law of the case because our earlier finding was clearly erroneous.

## A. Law of the Case

■ The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997) (internal quotation and citation omitted); *U.S. v. Miller,* 822 F.2d 828, 832 (9th Cir.1987) ("The rule is that the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly ·or implicitly disposed of upon appeal."). But a court may have discretion to depart from the law of the case if:

1) the first decision was *clearly erroneous;* 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. ·

*Alexander,* 106 F.3d at 876 (emphasis added). A court's "[f]ailure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* (citation omitted).

## B. Sherwood I

In *Sherwood I,* we remanded for resentencing on the issue whether the district court properly departed upward based on Application Note 8 of U.S.S.G. § 2B3.2, which permits an upward departure if the offense involved "a threat to a family member of the victim." The opinion explained that:

A review of the transcripts of both sentencings reveals that counsel discussed three different threats-a threat that the photographs of Ms. Wynn would be published, a threat to kidnap Ms. Wynn, and a

threat to Ms. Wynn's life. It is unclear from a review of the record upon which of those "threats" the district court based its decision to depart.

*Sherwood I,* 98 F.3d at 414. Moreover, our earlier opinion stated that if the district court departed upward based on a threat to Ms. Wynn's life, *"the present record does not support a finding that Ms. Wynn's life was ever threatened." Id.* at 415 (emphasis added).[2]

## C. Re–Sentencing by District Court

On remand, the district court clarified the record by indicating that it departed upward under Application Note 8 based on a threat to Ms. Wynn's life. In support of its clarification of the record, the court cited Steven Wynn's testimony regarding the phone call he received after Kevin was kidnapped:

MR. WYNN: [The caller] said, listen carefully, we've got your daughter, she has not been harmed, she will not be harmed *if* you do exactly what we say, listen carefully, she has not seen us, she cannot identify us, she is safe, *if you want to see her alive again,* you'll do exactly what we say ... don't talk to anyone for the sake of your daughter *if you want to see her again,* a man named Voss will call you at the cage and give you instructions.

(Emphasis added.) After citing Steven Wynn's testimony, the district court concluded by stating that: "Accordingly, the Court finds that the record supports a finding that the defendants expressly threatened Mr. Wynn with the life of his daughter."

The district court's conclusion that the record *does* support a finding that Ms. Wynn's life was threatened is contrary to this court's conclusion in *Sherwood I* that "the present record does not support a finding that Ms. ·Wynn's life was ever threatened." *Sherwood I,* 98 F.3d at 415.[3] The district court thus abused its discretion by ignoring our finding in *Sherwood I unless* there was a valid basis for its departure from the law of the case.

---

2. In *Sherwood I,* we declined to address the propriety of departing upward based on a threat of publishing the photographs because the parties did not brief that issue. *Id.* at 414. We further stated that the district court could not depart upward based on a threat to kidnap Ms. Wynn because the evidence did not show that

there was an express threat to kidnap Ms. Wynn and because the district court relied on U.S.S.G. § 2B3.2(b)(5)(A), which already "takes into account the underlying threat of kidnapping that is inherent in all kidnappings." *Id.* at 414–15.

3. At re-sentencing, the district court and the government incorrectly concluded that the record

## D. Clear Error

In the present case, the district court was justified in departing from the law of the case because our previous conclusion in *Sherwood I* was clearly erroneous. *See Alexander,* 106 F.3d at 876 (stating that a court may depart from the law of the case if the first decision was clearly erroneous).

The record before us in *Sherwood I* did contain testimony from Steven Wynn that revealed that Ms. Wynn's life was threatened. Steven Wynn testified that the kidnapper told him *"if you want to see [Kevin] alive again,* you'll do exactly what we say...."* Steven Wynn also testified that the defendants told him that his daughter would "not be harmed *if* [Steven did] exactly what [they said]...."* Mr. Wynn further testified that after he received the call, he told his driver: "listen, Kevin's been kidnapped and they say if I ever want to see her alive again I've got to go the hotel and do what they say...."* Finally, Steven Wynn testified that while he was waiting for the kidnappers to call back, "all [he] could think of was Kevin and that someone had her, that she was well, and that someone was standing near her or with her that was coldbloodedly contemplating killing her." These statements clearly demonstrate that Ms. Wynn's life was threatened and that Steven Wynn understood and reacted to the threat to his daughter.

But in the *Sherwood I* appeal, the parties did not argue or brief the issue whether there was a threat to Ms. Wynn's life. Moreover, the *Sherwood I* opinion did not discuss Steven Wynn's testimony or explain why his testimony did not support a finding that there was a threat to Ms. Wynn's life. This testimony was apparently overlooked when

before the *Sherwood I* panel did not contain the above testimony by Steven Wynn regarding the threat to Ms. Wynn's life. On appeal, the government concedes that the record before the *Sherwood I* panel did contain Steven Wynn's testimony.

4. The defendants also argue that because we found that Kevin Wynn was a direct victim in *Sherwood I,* she cannot simultaneously be a family member of the victim for purposes of enhancement under Application note 8. But in *Sherwood*

another panel of this court decided *Sherwood I.* The statement in *Sherwood I* that "the present record does not support a finding that Ms. Wynn's life was ever threatened" was clearly erroneous. That being the case, we now affirm the district court's decision to upwardly depart.

## II.

The defendants alternatively argue that the district court erred in applying the two-level enhancement under Application Note 8 because it improperly based the enhancement on a threat to Steven Wynn, rather than a threat to his daughter. On remand, the district court upheld the two-level enhancement because it found that "the defendants expressly threatened Steven Wynn that they would kill his daughter, Kevin." From this language, the defendants argue that the district court improperly based its Application Note 8 upward departure on a threat to the *direct victim* of the extortion, Steven Wynn, rather than on a threat to his *family member,* his daughter, Kevin Wynn. They alternatively argue that the district court "did not determine which person was the 'victim,' and which person was the 'family member.'"

Even assuming that the district court based the two-level enhancement on an improper factor-such as a threat to the victim himself-we can uphold the defendants' enhancement if we find that the district court "would have departed upward two levels pursuant to Application Note 8 based upon valid factors under the guidelines." *Sherwood I,* 98 F.3d at 414.

*Sherwood I* acknowledged that the district court could depart upward under Application note 8 based on a threat to the life of *Kevin Wynn-*a family member of the direct victim of the extortion, Steven Wynn.[4] *Sherwood I,*

I, we merely affirmed the district court's finding that "Ms. Wynn was a victim *within the meaning of § 5K2.8."* *Sherwood I,* 98 F.3d at 412 (emphasis added). Although we upheld the district court's finding that Kevin Wynn was a direct victim for purposes of enhancement under U.S.S.G. § 5K2.8 (which applies if defendants' conduct is unusually degrading to the victim), we further acknowledged that Kevin *could be* a family member of the direct victim-Steven Wynn-for purposes of enhancement under Application note 8 of U.S.S.G. § 2B3.2. *Id.* at 414–15.

98 F.3d at 414–15. But, in *Sherwood I*, we remanded for resentencing because we were "unable to find that the district court would have properly departed upward two levels based upon Application Note 8 in light of the district court's failure to explain the grounds upon which it found a 'threat' to Kevin Wynn." *Id.* at 415. Thus, the discussion in *Sherwood I* indicates that a threat to Kevin's life would be a valid factor that could support an enhancement under Application Note 8 if it was supported by the record.

Although *Sherwood I* concluded that the "record does not support a finding that Ms. Wynn's life was ever threatened," that finding was wrong. We now conclude that the record does support such a finding. Thus, we uphold the district court's two-level enhancement because we conclude that the district court would have properly departed upward under Application Note 8 had it clearly and correctly characterized the threat as one to Ms. Wynn's life.

Moreover, permitting an upward departure under the circumstances of this case is in keeping with the purposes of the Sentencing Guidelines. Under U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b), the court may impose a sentence outside the range established by the applicable guidelines if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (internal quotations omitted); *see also* 18 U.S.C. § 3553(b).

The sentencing guideline for extortion does not adequately take into consideration the threat to a family member that may accompany an extortion.[5] Therefore, the two-level enhancement imposed in this case properly considers the additional aggravating circumstance of having a family member's life threatened during the course of an extortion.

## CONCLUSION

For the above stated reasons, we AFFIRM the district court's two-level enhance-

ment imposed on remand under Application note 8 of U.S.S.G. § 2B3.2.

---

**5.** As the government pointed out, "There are many, many extortions that do not necessarily involve a family member, and the government's reading of this application note is that it gives the courts redress when that more heinous criminal conduct is consummated, targeting specifically a family member of the extortion victim."