**Walter Wayne WALDRON, Jr.,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 03–17389.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2006.

Decided March 28, 2006.

See also 208 F.3d 223.

Heather E. Williams, Esq., Federal Public Defender's Office, Tucson, AZ, for Petitioner–Appellant.

Bruce M. Ferg, Esq., Claire Kiehl Lefkowitz, Office of the U.S. Attorney, Tucson, AZ, for Respondent–Appellee.

Before: GOODWIN, REINHARDT, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Walter Wayne Waldron ("Waldron") appeals the denial of his petition for a writ of error coram nobis. The jury convicted Waldron of violating 31 U.S.C. §§ 5316 and 5322, which collectively impose penalties for importing or exporting cash over $10,000 without reporting it. Waldron had gone to Mexico from the United States with $36,089. The jury then found he should forfeit $26,089 under 18 U.S.C. § 982(a)(1) which, at that time, allowed forfeiture of funds "involved in" violations of 31 U.S.C. § 5316.

■ The Supreme Court's opinion in *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), appears to apply here.[1] *Bajakajian* held that forfeitures under 18 U.S.C. § 982(a)(1) violate the Excessive Fines Clause only if they are grossly disproportionate to the defendant's culpability. 524 U.S. at 333–34, 118 S.Ct. 2028. As a change to the scope and application of a substantive criminal statute, it is not barred by *Teague*.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), only bars retroactive application of new rules of criminal procedure, not decisions that address the meaning, scope, and application of substantive criminal statutes. *See Schriro v. Summerlin*, 542 U.S. 348, 351–52, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004); *Webster v. Woodford*, 369 F.3d 1062, 1068 (9th Cir.2004).

Coram nobis relief can be granted only if four requirements are met: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy Article III's case or controversy requirement; and (4) there is an error of the most fundamental nature. *United States v. Kwan,* 407 F.3d 1005, 1011 (9th Cir.2005).

Waldron satisfies the first requirement by "establishing that he is not in custody and, as a result, not eligible for habeas relief or § 2255 relief." *Id.* at 1012. Waldron also satisfies the second requirement because, unlike most coram nobis petitioners, he did not delay in attacking his conviction. Waldron pursued his direct appeal in a timely manner, and he filed his § 2255 motion within a month of the mandate affirming his conviction. The most significant delay, the one that caused this case to extend beyond Waldron's imprisonment, occurred because the prosecution requested a stay until *Bajakajian* was decided. While he failed to raise his Excessive Fines Claim on direct appeal, the failure to raise a claim is not a failure to attack his conviction. Waldron satisfies the third requirement because the $26,089 taken from him is a definite and adverse consequence of his conviction. *See United States v. Mett,* 65 F.3d 1531 (9th Cir.1995) (allowing corporation to attack a fine using a writ of coram nobis).

Having determined that Waldron has met the first three coram nobis requirements, we believe it appropriate that the district court be given the opportunity to assess whether Waldron has met the fourth requirement—an error of the most fundamental nature—by determining whether his forfeiture was grossly disproportionate to his culpability, as defined by *Bajakajian.* The court may consider all the relevant factors, including the fine that might otherwise have been assessed.

VACATED and REMANDED.