**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter Wayne WALDRON, Jr., Defendant–Appellant.**

No. 07–10117.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2008.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed March 14, 2008.

Reese V. Bostwick, Esq., Bruce M. Ferg, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Heather E. Williams, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Walter Wayne Waldron, Jr. appeals from the district court's order that he pay attorney's fees as reimbursement for his defense counsel's time during his criminal trial and appeals. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

### I

The district court did not exceed the scope of this Court's mandate in the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

previous appeal by awarding attorney's fees. *See Waldron v. United States*, 172 Fed.Appx. 765, 767 (9th Cir.2006) (unpublished). Although we did not direct the district court to consider imposing attorney's fees, neither did we prohibit the district court from doing so. Indeed, the question of fees is not addressed in the disposition at all. For this reason, Waldron's argument fails. *See U.S. v. Kellington*, 217 F.3d 1084, 1092–93 (9th Cir.2000) ("According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate ....'" (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993))).

■ The district court's fee award does not violate the law of the case. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir.1998) (quoting *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997)). Because the district court did not previously consider the issue of attorney's fees, it was not bound by law of the case.

Waldron argues that the district court violated this Court's "quasi-recalled mandate." Waldron cites no authority, nor can we find any, defining a "quasi-recalled mandate," and we thus reject that argument. Waldron also contends that he was not provided with notice that he could be required to pay attorney's fees should he pursue his post-conviction remedies. Again, Waldron cites no authority for the proposition that he was entitled to notice that he could be required to pay attorney's fees. Further, he was provided with notice, in the form of the very statute that entitled him to counsel in the first place:

If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment ... as the interests of justice may dictate.

18 U.S.C. § 3006A(c). *See also United States v. Locke*, 471 U.S. 84, 108, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) (noting that a legislature generally provides constitutionally adequate notice of the requirements of a statute simply by enacting the statute).

In sum, none of Waldron's procedural objections to the attorneys fee award have merit.

## II

■ The district court did not abuse its discretion in the award of the fee. *See United States v. Danielson*, 325 F.3d 1054, 1076 (9th Cir.2003) (defining standard of review). Waldron argues that even if the district court properly imposed attorney's fees, the court made two substantive errors in its fee order. First, Waldron argues that the district court erred in ordering the fees to be paid to the district court, to be deposited in the Treasury. Second, Waldron argues that the court erred in ordering the fees to be calculated using the standard CJA rate.

Waldron argues that the district court erred by ordering the attorney's fees to be paid to the district court, to be deposited in the Treasury, because the order "operates as a windfall to the Judiciary and does not reimburse the Federal Defender for counsel's time." However, § 3006A(f) of the CJA explicitly provides that the district court may direct such fees to be paid "to the court for deposit in the Treasury as a reimbursement to the appropriation." Waldron offers no persuasive reason as to why it was an abuse of discretion for the district court to direct him to pay the ordered fees in a way explicitly permitted under the statute.

Waldron argues that the district court erred by using the standard CJA rate to calculate the fees owed, because the CJA rate is higher than the equivalent rate of a salaried Federal Defender. Section 3006A(f) does not specify how the district court should calculate fees. In calculating the amount Waldron must pay, the district court borrowed from § 3006A(d), which specifies the calculations for compensating court-appointed attorneys. The court ordered Waldron to pay attorney's fees at CJA rates, up to $7000, the maximum compensation allowed under § 3006A(d)(2). Waldron offers no argument as to why such a calculation constitutes an abuse of discretion.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.