### UNITED STATES of America,
### Plaintiff–Appellee,

v.

### Manuel HUERTA–VARGAS,
### Defendant–Appellant.

### No. 06–10179.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

Paul L. Pugliese, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., Cynthia S. Hahn, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Manuel Huerta–Vargas appeals from the district court's order following a limited

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), determining that it would not have imposed a materially different sentence had it known that the Guidelines were advisory. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Huerta–Vargas contends that the district court erred by not resentencing him on remand. However, because the district court ruled, in accord with the mandate from this court on *Ameline* remand, that it would not have imposed a materially different sentence had it known that the Guidelines were advisory, Huerta–Vargas was not entitled to resentencing. *See United States v. Combs,* 470 F.3d 1294, 1296–97 (9th Cir.2006), *cert. denied,* —— U.S. ——, 128 S.Ct. 1071, 169 L.Ed.2d 816; *see also United States v. Perez,* 475 F.3d 1110, 1114 (9th Cir.2007) (holding that a district court is required to comply with this court's mandate).

He also contends that the district court violated his Sixth Amendment rights by enhancing his sentence beyond two years based on its factual findings regarding the temporal relationship between his prior conviction and subsequent removal. He further contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is not controlling authority. These challenges, however, were previously raised and rejected during Huerta–Vargas's 2004 appeal to this court. *See United States v. Huerta–Vargas,* 142 Fed.Appx. 975 (9th Cir.2005). Thus, this court is precluded from considering them, under the law of the case doctrine. *See United States v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir.1998).

To the extent that Huerta–Vargas raises any new contentions in this regard, they are likewise barred because they could have been raised during the course of the first appeal. *See Combs,* 470 F.3d at 1297.

**AFFIRMED.**

