**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | No. 12-16320 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01823-GSA |
| v. | |
| K. HARRINGTON, Warden; J. CASTRO, Associate Warden; T. BILLINGS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted January 15, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Plaintiff John Williams appeals pro se from the district court's dismissal of

his 42 U.S.C. § 1983 action against several California Department of Corrections

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and Rehabilitation officials employed at Kern Valley State Prison ("KVSP"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review de novo a dismissal of a prisoner complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Id.* at 892-93 (internal quotation marks omitted).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While factual allegations must be accepted as true, legal conclusions are not entitled to an assumption of truth. *Id.* at 679.

The district court properly dismissed Williams's First Amendment retaliation claim against defendant Billings. To have stated a claim, Williams must

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

have alleged: 1) that Billings took some adverse action against him 2) because of 3) his protected conduct, 4) that the adverse action chilled his exercise of his First Amendment rights, and 5) that the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). While Williams alleged that Billings's actions were "because of" his having filed inmate grievances, he did not set forth any facts that would support these conclusory allegations of retaliatory motive. This "formulaic recitation of the elements" is not entitled to an assumption of truth and is not sufficient to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 681.

The district court also correctly dismissed Williams's claim against wardens Harrington, Biter, and Castro for implementation of an unlawful policy. To have stated a claim, Williams must have alleged that the wardens implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks omitted). However, Williams failed to identify any policy that authorized constitutional violations against him. Moreover, Williams did not allege that there was a causal connection between the wardens' policies and any alleged unconstitutional conduct. Williams therefore

3

failed to state a claim for implementation of an unlawful policy. *See Hansen*, 885 F.2d at 646.

We reject Williams's contention that the law of the case doctrine prevented the district court from dismissing claims it previously had found cognizable. Although a court generally is precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case, the court has discretion to depart from the law of the case if its decision was clearly erroneous. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). *Iqbal* and *Doe I v. Walmart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (applying the *Iqbal* standard), were decided before the district court's order and changed the standard of review but were not applied by the district court. It therefore was not an abuse of discretion for the district court to correct this error. *See Cuddy*, 147 F.3d at 1114.

We are unpersuaded by Williams's contention that the district court erred because it did not screen his complaint under this court's standard for evaluating claims of imminent danger set forth in *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007). Our holding in *Andrews* is irrelevant to the dismissal of Williams's case for failure to state a claim. *Andrews* did not address the merits of a prisoner's imminent danger claim. *See* 493 F.3d at 1057. Rather, it addressed the "threshold

4

procedural question" of whether a prisoner who faced an imminent danger could proceed *in forma pauperis* despite the Prison Litigation Reform Act's three-strikes rule. *Id.* at 1057; *see* 28 U.S.C. § 1915(g).

We reject Williams's remaining contentions as meritless.

**AFFIRMED.**