**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RUBICON GLOBAL VENTURES, INC., et al, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CHONGQUING ZONGSHEN GROUP IMPORT/EXPORT CORP., et al, <br><br> Defendant - Appellee. | No. 10-36148 <br><br> D.C. Nos. 3:09-cv-00818-HA <br>     3:09-cv-01397-HA <br>     3:10-cv-00833-HA <br><br> ORDER AND <br> AMENDED MEMORANDUM* |
| RUBICON GLOBAL VENTURES, INC., et al, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CHONGQUING ZONGSHEN GROUP IMPORT/EXPORT CORP., et al, <br><br> Defendant - Appellee. | No. 11-35045 <br><br> D.C. No. 3:05-cv-01809-HA |
| RUBICON GLOBAL VENTURES, INC., et al, | No. 11-35090 <br><br> D.C. Nos. 3:09-cv-00818-HA |

  *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|                                                          | 3:09-cv-01397-HA |
| Plaintiff - Appellee,                                    | 3:10-cv-00833-HA |
|                                                          |                  |
| v.                                                       |                  |
|                                                          |                  |
| CHONGQUING ZONGSHEN GROUP                                |                  |
| IMPORT/EXPORT CORP., et al,                              |                  |
|                                                          |                  |
| Defendant - Appellant.                                   |                  |

Appeal from the United States District Court
for the District of Oregon, Portland
Ancer L. Haggerty, District Judge, Presiding

Argued and Submitted July 9, 2012
Portland, Oregon

Before: PREGERSON and FLETCHER,[**] Circuit Judges, and WALTER, Senior District Judge.[***]

This matter is before the Court on a "motion to vacate and/or stay the mandate to correct error regarding personal jurisdiction over Ying Zuo," filed on behalf of defendant-appellee Ying Zuo. We construe this motion as a motion to recall the mandate issued on April 18, 2013. This Court may exercise its authority to recall its mandate for "good cause" or to "prevent injustice[;]" however, the power to do so should be exercised only in exceptional circumstances. *Zipfel v.*

---

[**] Judge Betty B. Fletcher was a member of the panel but passed away after the mandate issued. Judge W. Fletcher was drawn to replace her.

[***] The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

*Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988) (internal citations omitted).

Based on a factual error in the Court's reading of the relevant complaint, the Court incorrectly found personal jurisdiction existed over Ying Zuo where it, in fact, did not. Accordingly, finding that good cause exists to modify this Court's prior ruling, we exercise our discretion to grant the instant motion, recall the mandate issued on April 18, 2013, and issue the following amended ruling.

Appellants Rubicon Global Ventures, Inc. and Z Motors, Inc. appeal, *inter alia*: (a) the district court's setting aside of the default judgments in District Court Docket Nos. 3:05-cv-01809 ("*Rubicon I*"), 3:09-cv-00818 ("*Rubicon II*"), and 3:09-cv-01397 ("*Rubicon III*") on the basis of insufficiency of service; and (b) the district court's dismissal of Ying Zuo and Zongshen USA Holdings, Inc. for lack of personal jurisdiction. For the reasons below, we find that service was sufficient on all appellees other than Zongshen Zuo. As to the dismissals for lack of personal jurisdiction, we find no error in the district court's rulings. We therefore affirm in part, reverse in part, and remand for further proceedings consistent with this amended memorandum disposition.

The district court set aside the defaults and default judgments on the grounds that such judgments were void for insufficiency of service of process. The Ninth Circuit has found that "[a] final judgment is 'void' for purposes of Rule 60(b)(4)

3

only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (internal citations omitted). As the district court's rulings fit squarely within the ambit of Rule 60(b)(4), this Court reviews said rulings *de novo. See Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980) ("[t]here is no question of discretion on the part of the court when a motion is under Rule 60(b)(4)").

"Service of process has its own due process component, and must be 'notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Under the federal rules, foreign corporations may be served either (1) in accordance with the law of the state in which the district court is located, Fed. R. Civ. P. [4(h)(1)(A)], or (2) by delivering a copy of the summons and the complaint 'to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.' Fed. R. Civ. P. [4(h)(1)(B)]." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994).

We agree with the district court that it was not necessary in this case for the appellants to comply with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil Commercial Matters, November 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638. Instead, we must apply Oregon law. In determining whether service is adequate under Oregon law, the question is: "[w]as the method of service selected . . . 'reasonably calculated to apprise the defendant of the existence and pendency of the action?'" *Baker v. Foy*, 797 P.2d 349, 352 n. 6 (Or. 1990); Or. R. Civ. P. 7(D)(1). ORCP 7(D)(1) provides guidance for types of service that "may meet the 'reasonable notice' standard of adequate service," and ORCP 7(D)(2) describes particular, non-exclusive methods of service which *may* be used. *Id*. at 352. Rather than absolute compliance with one of the methods specified in ORCP 7(D), "[w]hat is mandatory is that whatever manner or method of service is employed by a plaintiff, it must satisfy the aforementioned 'reasonable notice' standard of adequate service of ORCP 7(D)(1)." *Id.* Based on the totality of circumstances unique to this case, we find that both ZS Group and ZSIE had sufficient, reasonable notice of the pendency of the actions against them.

We first address service on Chongquing Zongshen Group ("ZS Group"), which we understand to be one and the same as the entities commonly referred to

in this case as Zongshen Industrial Group, Co. Ltd. ("ZIGCL") and Zongshen Industrial Group ("ZIG"). ZS Group was served through Zongshen, Inc., as agent of ZS Group. The record reflects that Zongshen, Inc. was 95 percent owned by ZS Group, with the remaining 5 percent ownership held by Dexiu Yuan, who has positions in both companies. We conclude that ZS Group had sufficient, reasonable notice via service on Zongshen, Inc., given the following factors: (a) the substantial common ownership links between the two entities; (b) Mr. Xie Yenong's 2004 letter to the EPA representing Zongshen, Inc. to be the agent for ZS Group; and (c) the decision in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988), affirming an Illinois court's finding that a domestic subsidiary was an involuntary agent based on similar, even less compelling facts.

ZIGCL is the ultimate parent company of Chongquing Zongshen Group Import/Export Corp. ("ZSIE"). As was the case with the domestic subsidiary in *Schlunk*, Zongshen, Inc. was listed as the agent for service of process for ZSIE for the purpose of receiving notices under the National Traffic and Motor Vehicle Safety Act ("NTMVSA"). Not only was Zongshen, Inc. placed in the foreground as the American face of all Chinese Zongshen entities, it was registered as ZSIE's agent for suits arising under the NTMVSA *and* shared officers with the other Zongshen entities. Based on *Schlunk*, we find that ZSIE and Zongshen, Inc. were

6

so closely related that the latter was ZSIE's agent for service as a matter of law, "notwithstanding [ZSIE's] failure or refusal to appoint [Zongshen, Inc.] formally as an agent." *See Schlunk*, 486 U.S. at 697.

As to Zongshen Zuo, the only service attempted was substitute service on his spouse, Dexiu Yuan, at her usual place of abode in Florida. We agree with the district court's assessment that Zongshen Zuo was not served pursuant to ORCP 7(D)(2)(b), as the Florida residence was not his usual place of residence or abode. Likewise, such service did not provide reasonable notice of suit as there is no evidence that the summons and complaint were mailed to Zongshen Zuo in China or that he otherwise received notice of the pendency of the actions against him. Thus, we affirm the district court's ruling as to insufficiency of service of process on Zongshen Zuo.

The only remaining issue which this Court must address is the district court's dismissal of Ying Zuo and Zongshen USA Holdings, Inc. ("ZUSA") for lack of personal jurisdiction. We review a dismissal for lack of personal jurisdiction *de novo*. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1101 (2012) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). "Where, as in this case, the trial court ruled on the issue relying on affidavits and discovery materials without

holding an evidentiary hearing, dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction." *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). In determining whether the appellants have met their burden, uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in the appellants' favor. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010).

The appellants sought to allege specific personal jurisdiction over Ying Zuo, which is personal jurisdiction arising out of a defendant's contacts with the forum. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 412-413 (9th Cir. 1977). On June 7, 2010, the district court's order regarding motions to set aside the defaults and default judgments included the following ruling:

> This court will not exercise general personal jurisdiction over defendant Ying Zuo. During the relevant time frame, defendant Ying Zuo was a college student and was not involved in the day-to-day activities of the corporate defendants and had no involvement with the alleged fraud that occurred. Accordingly, this court lacks specific personal jurisdiction over her.

The district court ordered further briefing on matters unresolved by its June 7 order. The appellees also filed motions for dismissal based on the district court's June 7 rulings. On August 25, 2010, the district court dismissed Ying Zuo for lack

8

of personal jurisdiction, ruling that there had "been no allegations of any conduct by Ying Zuo that would subject her to this court's jurisdiction or subject her to any liability in these cases, through RICO or otherwise." We now affirm that ruling, as follows.

A careful reading of the operative *Rubicon II* complaint makes it clear that the appellants had indeed failed to meet their burden, at that time, of establishing personal jurisdiction over Ying Zuo. That complaint alleged:

> The individual defendants include (1) Zuo Zongshen, who is the founder of the Zongshen corporate defendants, (2) Dexiu Yuan, who on information and belief resides in Florida, and is the incorporator, president and director of Zongshen Inc. [sic] and [ZUSA], and (3) Ying Zuo, who on information and belief resides in Florida and is vice president, secretary, treasurer and director of [ZUSA]. Defendant Zuo met with plaintiffs and made certain false representations to them in order to induce them to market Zongshen products as discussed below. Both defendants Dexiu and Ying conspired with the other defendants to sell illegal motorbikes in the United States through Zongshen, Inc., plaintiffs and other persons like plaintiffs.

Clearly, when read in the proper context, this paragraph is referring to Zuo Zongshen by his first name, "Zuo," and attributes to him the allegation that he "met with plaintiffs and made certain false representations to them in order to induce them to market Zongshen products[.]" This clarification contradicts the Court's earlier interpretation of these facts.

The basis for this Court's initial misreading of the *Rubicon II* complaint was

9

twofold. First, there was a lack of appreciation for the reference to Zuo Zongshen, rather than Ying Zuo, as "Zuo." Second, there was a conflation of non-pertinent allegations made in the later *Rubicon IV* complaint with those properly before the Court in the amended *Rubicon II* complaint. The *Rubicon IV* complaint made seemingly similar allegations to those at issue in the *Rubicon II* complaint; however, the *Rubicon IV* allegations were much more fact-specific concerning Ying Zuo's relevant activities. The *Rubicon IV* complaint read as follows, as it related to Ying Zuo:

> [S]he was and is an officer and on the board of directors of a Zongshen company, [ZPM] commencing in 2004; . . . [and] she met with plaintiffs' representatives before they created Z Motors, Inc., and made representations to plaintiffs causing the Oregon investors to form Z Motors, Inc., and take actions in Oregon in furtherance of the joint venture between plaintiffs and defendants.

The combination of the similar "Zuo" names and the more detailed allegations contained in the *Rubicon IV* complaint allowed this Court to reach an inaccurate legal conclusion regarding whether the operative *Rubicon II* complaint sufficiently alleged personal jurisdiction over Ying Zuo.

In light of these clarified facts, the Court hereby amends its ruling to find that the appellants failed to make a prima facie showing of personal jurisdiction over Ying Zuo in *Rubicon II*. *See Fields*, 796 F.2d at 301; *see also Swartz v.*

10

*KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).  Accordingly, the district court did not err in dismissing Ying Zuo for lack of personal jurisdiction.

Lastly, the appellants attempted to allege personal jurisdiction over ZUSA by virtue of the fact that ZUSA is a Zongshen entity, and all other Zongshen entities are subject to personal jurisdiction.  However, this cannot suffice to make out a prima facie case for personal jurisdiction over ZUSA.  Because the appellants failed to allege sufficient facts for the court to assert personal jurisdiction over ZUSA, there was no error in dismissing ZUSA.

Each party should bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**