**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBICON GLOBAL VENTURES, INC., an Oregon corporation; Z MOTORS, INC., an Oregon corporation, Plaintiffs - Appellees, v. CHONGQUING ZONGSHEN GROUP IMPORT/EXPORT CORP., a foreign corporation; CHONGQING ZONGSHEN GROUP, a foreign corporation; ZONGSHEN INDUSTRIAL GROUP, a foreign corporation; YING ZOU; DEXIU YUAN, Defendants - Appellants. | No. 13-35879 D.C. No. 3:09-cv-00818-HA MEMORANDUM* |
| RUBICON GLOBAL VENTURES, INC., an Oregon corporation; Z MOTORS, INC., an Oregon corporation, Plaintiffs - Appellees, v. CHONGQUING ZONGSHEN GROUP | No. 14-35836 D.C. Nos.   3:09-cv-00818-HA                  3:05-cv-01809-HA                  3:09-cv-01397-HA                  3:10-cv-00833-HA |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

IMPORT/EXPORT CORP., a foreign
corporation; CHONGQING ZONGSHEN
GROUP, a foreign corporation;
ZONGSHEN INDUSTRIAL GROUP, a
foreign corporation; DEXIU YUAN,

Defendants - Appellants.

Appeals from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted October 15, 2015
Portland, Oregon

Before: FERNANDEZ, TASHIMA, and BEA, Circuit Judges.

Defendants appeal from the district court's orders reinstating the default judgments entered in District Court Docket Nos. 3:05–cv–01809 ("*Rubicon I*"), 3:09–cv–00818 ("*Rubicon II*"), and 3:09–cv–01397 ("*Rubicon III*") following remand from this court in *Rubicon Global Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 494 F. App'x 736 (9th Cir. 2012), *disposition recalled and superseded*, 575 F. App'x 710 (9th Cir. 2014).

(1) We affirm the district court's finding that Chongquing Zongshen Group Import/Export Corp. ("ZSIE") and Zongshen Industrial Group, Co. Ltd. ("ZIGCL") are subject to specific personal jurisdiction in Oregon. Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis: the

exercise of jurisdiction must (1) satisfy the requirements of the long-arm statute of the state in which the district court sits, and (2) comport with the principles of federal due process. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Oregon Rule of Civil Procedure 4(L) extends jurisdiction to the limits of due process under the United States Constitution. *See* Or. R. Civ. P. 4(L). In determining whether ZIGCL and ZSIE are subject to personal jurisdiction in Oregon, uncontroverted allegations in the operative complaints must be taken as true, and conflicts over statements contained in affidavits must be resolved in the Plaintiffs' favor. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). Here, the Due Process Clause of the U.S. Constitution is satisfied because each defendant has sufficient minimum contacts with Oregon "such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *cf. Walden v. Fiore*, 134 S. Ct. 1115, 1124–25 (2014).

(2) The district court did not abuse its discretion in reinstating the default judgment in *Rubicon II* against Dexiu Yuan. Although the district court had found in a previous ruling that the amount of the default judgment in *Rubicon II* was

excessive as against defendant Dexiu Yuan, that decision was made in the context of a ruling that eliminated every other defendant. The district court explained, "while the large judgment, meant to remedy the actions of corporations, [was] excessive when [borne] by one individual, the same judgment is not excessive when [borne] jointly and severally with all defendants." A district court may reconsider an issue it previously decided when "changed circumstances exist." *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). On remand from the Ninth Circuit, Dexiu Yuan was no longer the only defendant in *Rubicon II*, but was joined by the corporate defendants ZSIE and ZIGCL because they were properly served.

(3) We reject Defendants' res judicata argument that the final judgment in *Rubicon IV* bars the district court from reinstating the default judgments in *Rubicon I–III* on remand from the Ninth Circuit. The Ninth Circuit concluded that the defaults were erroneously set aside for insufficient service of process. Res judiciata prohibits "the parties or their privies from relitigating issues that were or could have been raised" in an action resulting in "[a] final judgment on the merits." *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1245 (9th Cir. 2013) (internal quotation marks omitted). The Plaintiffs could not have raised the issue in *Rubicon IV* that the default judgments in *Rubicon I–III* should be reinstated because the Ninth Circuit had not yet ruled that the Defendants were properly served in

-4-

those cases.  Additionally, res judicata is an affirmative defense, and Defendants cannot now raise res judicata as an affirmative defense in *Rubicon I–III* when they had defaulted in those cases.  *See* Fed. R. Civ. P. 8(c).

(4) The district court abused its discretion by failing to hold a hearing on damages prior to entering the default judgments in *Rubicon I*, *II*, and *III*, where the judgments were based on Plaintiffs' own conclusory declarations of their future lost profits over the course of five years.  "The general rule of law is that upon default the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true."  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (emphasis added).  "It is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation."  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).  The district court did not hold a hearing to determine Plaintiffs' damages before entering default judgments in *Rubicon I–III*, despite Plaintiffs' concession that their money damages for their lost future profits were not a certain sum or capable of mathematical calculation.  The declarations on which the judgments were entered are wholly conclusory.  Accordingly, we vacate the default judgments entered in *Rubicon I*, *II*, and *III*, and remand to the district court for a factual determination of damages in those cases.

Each party shall bear its own costs.

**AFFIRMED IN PART**.  The default judgments entered in *Rubicon I*, *II*, and *III* are **VACATED** and **REMANDED** for a factual determination of damages in those cases.