**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES LIEBSACK, as guardian for Madlyn Liebsack and JON LIEBSACK, co-personal representatives of the Estate of Madlyn Liebsack, | No. 11-35158 |
| | DC No. 3:07cv-0071 RRB |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellee. | |

| | |
|---|---|
| JAMES LIEBSACK, as guardian for Madlyn Liebsack and JON LIEBSACK, co-personal representatives of the Estate of Madlyn Liebsack, | No. 11-35479 |
| | DC No. 3:07 cv-0071 RRB |
| Plaintiffs - Appellants, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellee. | |

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| JON LIEBSACK, co-personal representatives of the Estate of Madlyn Liebsack, | No. 11-35535 |
| | DC No. 3:07 cv-0071 RRB |
| Plaintiff - Appellant, | |
| JAMES LIEBSACK, as guardian for Madlyn Liebsack, | |
| Plaintiff - Appellee, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 21, 2013
Anchorage, Alaska

Before:     TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

In this Federal Tort Claims Act ("FTCA") action, the Estate of Madlyn

Liebsack ("Liebsack") appeals the district court's finding, after a bench trial, that

the United States was only 15% liable for Madlyn's injuries.  That liability finding

is addressed – and reversed – in a concurrently filed opinion.  In this

memorandum, we address Liebsack's contentions – and the government's cross-

appeal – regarding the district court's damages award because these issues may arise on retrial.[1] "Damages must be proved with reasonable certainty[, and t]he party seeking damages must provide a reasonable basis for computing the award." *Power Constructors, Inc. V. Taylor & Hintze*, 960 P.2d 20, 41 (Alaska 1998) (citations omitted). "[A] trial court's finding [is] clearly erroneous when, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *Shaw v. United States*, 741 F.2d 1202, 1205 (9th Cir. 1984) (internal quotation marks omitted).

**1.** In assessing past medical expenses, the district court awarded all amounts paid by Medicare or Medicaid, but it did not award the amounts that had been "written off" by her healthcare providers. Liebsack argues that the write-offs were recoverable. We disagree.

"The components and measure of damages in FTCA claims are taken from the state where the tort occurred . . . ." *Shaw*, 741 F.2d at 1205. A trial court's award of damages is reviewed for clear error. *See Curt's Trucking Co. v. City of*

---

[1] This case, like all FTCA actions, was tried to the court sitting without a jury. *See* 28 U.S.C. § 2402. This being a bench trial, it is within the district court's discretion to structure the retrial in a manner the court finds would be the most efficient way to retry those contested issues which require retrial in accord with our mandate, *i.e.*, to retry only those issues which require a new trial or to retry the entire action, and nothing in this memorandum is intended to interfere with or restrict that discretion.

*Anchorage*, 578 P.2d 975, 977 (Alaska 1078) ("A trial court's determination of damages is a finding of fact which will not be disturbed on appeal unless clearly erroneous."). Under Alaska law, "a claimant may only recover damages from the defendant that exceed amounts received by the claimant as compensation for the injuries from collateral sources, whether private, group, or governmental, and whether contributory or noncontributory." Alaska Stat. § 09.55.548(b). A claimant may, however, recover funds from a collateral source if it is "a federal program that by law must seek subrogation." *Id.* It is undisputed that Liebsack's past Medicare and Medicaid benefits fall under this exception; however, we agree with the district court that the write-offs do not. Even assuming that the write-offs qualify as a collateral source, they are not subject to subrogation and thus are unrecoverable under Alaska law.[2]

**2.** The district court did not clearly err in declining to award the $6,240 in alleged co-payments ($520 per month for 12 months) made by Liebsack's guardian for her past medical expenses. The testimony in support of this amount

---

[2]     We recognize that in a dissent from the dismissal of a petition for review as improvidently granted, two justices of the Alaska Supreme Court suggest that they would award write-off amounts to a prevailing plaintiff. *See Lucier v. Steiner Corp.*, 93 P.3d 1052, 1053 (Alaska 2004) (Fabe, J., dissenting from the dismissal of the petition for review). Because, however, that dissent is not controlling precedent under Alaska law, it does not affect our analysis.

was uncertain at best, and Liebsack does not point to any other evidence to support this additional award.

**3.**     Liebsack makes a number of arguments regarding the court's award of future medical expenses. That award was based on an estimate of Liebsack's 2009 medical expenses "reduced by Medicare, reduced by costs for pre-existing medical problems, and reduced by the costs that Madlyn would incur at an assisted living facility, all reduced to present day value," and then multiplied by Madlyn's life expectancy.

**a.**     Liebsack's argument that the court miscalculated Madlyn's 2009 medical expenses is moot. On remand, the court need not rely on the 2009 expenses to estimate future expenses; in light of her unfortunate death, the full extent of Madlyn's future expenses are now known.

**b.**     The district court did not clearly err in deducting Medicare expenses from its future expense award. On this record, Liebsack has failed to demonstrate that those expenses will be subject to mandatory subrogation.

**c.**     The district court did not clearly err in deducting pre-injury living expenses from its future expense award. Although Liebsack claims that Madlyn did not incur any expense for her pre-injury residence at an assisted-living facility,

the evidence on this issue was, at best, mixed. For example, one government expert testified that Madlyn did incur those expenses.

**d.** The court did not clearly err in deducting both Medicare expenses and pre-existing expenses from the future damage award. Liebsack appears to argue that this results in a double deduction because the Medicare payments were applied to all of Madlyn's pre-existing medical expenses, but Liebsack does not point to any portion of the record to support this assertion.

**e.** Both Liebsack and the government (on cross-appeal) take issue with the district court's $42,078.15 estimate of Madlyn's pre-existing medical expenses. Liebsack primarily attacks the government's estimate of pre-existing expenses ($420,781.54) which, in Liebsack's view, was inflated because it was based on post-injury estimates of pre-existing costs. But even if the government's figures were inflated for those reasons, Liebsack fails to explain how and to what extent they were inflated. More importantly, Liebsack does not explain how the court's ultimate figure – which was only a fraction of the government's figure – insufficiently accounts for this purported inflation.

The government's contentions are also unavailing. The government's estimate of pre-existing costs was determined by (1) identifying Madlyn's pre-injury medical conditions; and (2) estimating the yearly cost of those medical

conditions based on their post-injury cost.  This methodology was arguably more precise than Liebsack's, which used a narrow timeframe that may have failed to account for medical costs that did not arise during that period.  But the government's approach had its own potential weaknesses, including the fact that its estimate was based on post-injury costs of pre-injury medical conditions.  On this record, the district court did not clearly err.

**AFFIRMED in part, VACATED in part, and REMANDED.**