NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES LIEBSACK, as guardian for Madlyn Liebsack and JON LIEBSACK, co-personal representatives of the Estate of Madlyn Liebsack, | No. 15-35300 |
| | D.C. No. 3:07-cv-00071-RRB |
| Plaintiffs-Appellants, | |
| | MEMORANDUM* |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 3, 2016
Anchorage, Alaska

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

In a prior appeal, this court reversed the district court's judgment allocating

liability in this medical negligence action between three defendants—the United

States and two Alaska healthcare providers. *Liebsack v. United States*, 731 F.3d 850

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(9th Cir. 2013). In a concurrently filed memorandum disposition, this court affirmed the district court's damages award in part and vacated it in part. *Liebsack v. United States*, 540 F. App'x 640 (9th Cir. 2013) ("*Mem. Disp.*"). On remand, the district court held a new trial, recalculated damages, and reallocated fault between the three defendants. The plaintiff, the Estate of Madlyn Liebsack, now appeals the judgment on remand. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not exceed the scope of the mandate by conducting a new trial on remand. "According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate.'" *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)). Our prior opinion and memorandum disposition plainly contemplated a new trial on remand. *See Liebsack*, 731 F.3d at 858 ("[W]e must remand for a new trial."); *see also Mem. Disp.*, 540 F. App'x at 641 n.1 ("[I]t is within the district court's discretion to . . . retry the entire action . . . .").

2. The district court did not abuse its discretion by permitting the government to add expert witnesses on remand. Had the district court refused to allow experts qualified under Alaska Statutes § 09.20.185, the United States would have been subjected to liability far in excess of its actual share of fault. A district court does not violate the discretionary law of the case doctrine by departing from a prior ruling

2

if "a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

3. The district court did not err by recalculating future damages following the second trial. This court's memorandum disposition vacated the original award of future damages and instructed the court to reevaluate them in light of Ms. Liebsack's intervening death. *See* 540 F. App'x at 642-43.

**AFFIRMED.**